### 7819.  SHEPPARD *v.* WARTHEN.

The petition set forth a cause of action, and the court erred in dismissing it on demurrer.

DECIDED APRIL 5, 1917.

Action on contract; from city court of Sandersville—Judge Jordan.  July 25, 1916.

*A. R. Wright,* for plaintiff.  *Evans & Evans,* for defendant.

GEORGE, J.  Plaintiff rented from defendant, for the year 1916, a three-horse farm described in the petition, agreeing to pay as

rent eight bales of cotton. He went into possession of the farm on January 1, 1916, and prepared the land for cultivation and pitched his crop. On June 4 his crops were completely destroyed by a hail-storm, and on account of this misfortune he was unable to continue his farming operations, and he so advised the landlord. On June 9, 1916, plaintiff and defendant entered into a new contract in writing, by the terms of which the defendant agreed to advance to the plaintiff the sum of $150, in installments, the first advance of $50 to be made in cash on June 10, 1916. Under the new contract the plaintiff was to pay a graduated rental, based upon the cotton produced by him. He was to replant his crop immediately and cultivate it with due diligence. In compliance with the conditions of the second contract, the plaintiff, on the morning of June 10, began replanting his cotton, and he continued this work during the entire day, and was ready, able, and willing to do all things required of him under the terms of the contract. He did in fact plant about ten acres of cotton, which work was worth $10. A demand was made on defendant for the advance of $50 according to agreement, and defendant, without excuse, cause, or justification, refused to make the advance, and thereby breached her contract to the injury of plaintiff. Both parties understood that plaintiff could not carry on his contract without financial aid from the defendant. This fact was well known to the defendant when she entered into the contract. Plaintiff could not in fact obtain the necessary means with which to carry on his crop elsewhere, and, on account of the failure of the defendant to comply with her agreement, was forced to abandon his contract. He sued for a sum of money paid out for labor and supplies in working the farm, for the value of farming implements necessary for the purpose of carrying on the farm, which were purchased at a cost stated, for the value of fertilizers purchased and distributed under his crops, for the cost of ten acres of cotton planted by him on June 10, and for the loss of prospective profits over and above the rent agreed to be paid, in a sum stated, which was alleged to be "the actual value of his term under said contract and rent agreement." The defendant demurred generally, upon the ground that the items of damage alleged were sums of money expended under the original contract, and not money expended under the terms of the second contract; and upon the

further ground that the damages alleged were too vague, indefinite, remote, and speculative to be the basis of a recovery. There was also a special demurrer to that part of the petition which referred to prospective profits, and to the several items alleged to have been expended for labor and supplies, for farming implements, and for fertilizers placed under the crops. On the argument of the demurrer the plaintiff formally announced that he did not insist on nominal damages, and the court sustained the demurrer and dismissed the petition.

It is clear that the $480 alleged to have been expended for labor and supplies in making the crop, $440, the cost of stock and implements necessary for the purpose of conducting the farm, and the $154 paid for fertilizers placed under the crop, were all expended by the plaintiff under the original contract, and prior to the execution of the new contract on June 9. These sums were lost to the plaintiff through no wrong or fault of the defendant, but by an act of God, and the demurrer directed especially to these several items as recoverable damages was properly sustained. The paragraph of the petition seeking to recover prospective profits is subject to special demurrer; and while the special demurrer to this paragraph is not itself as definite as it might be, we think that the lower court was right in sustaining it. The petition is to be construed most strongly against the pleader, and, even if prospective profits could be recovered under the facts alleged in the petition, the pleadings were insufficient to withstand the objection urged thereto. However, the plaintiff distinctly alleges that he was compelled to abandon his contract by reason of the defendant's breach, and that the defendant herself had taken possession of the ten acres of cotton planted by him on June 10, 1916, and that the services rendered by him under the second contract, in planting the cotton, were reasonably worth to the defendant the sum of $10. While the plaintiff did not insist on nominal damages, the petition set forth a good cause of action for this item of damage, and the fact that his actual damage in this respect may be nominal did not authorize the dismissal of the petition. Moreover, we do not wish to be understood as holding that the plaintiff can not also recover the actual value of his lease. If the defendant's breach of the contract resulted in the loss to plaintiff of his term of lease, we see no reason why he may not recover therefor. The lease un-

questionably had a value, and, while he can not recover for the fertilizers placed in the ground, and for preparation of the ground, under his original rent contract, which he, on account of an act of Providence, was forced to surrender, nevertheless the state of preparation and the condition of the farm on June 10, 1916, may be taken into consideration by the jury in estimating the value of the lease. If the actual value of plaintiff's lease exceeds the amount of rent to be paid therefor, he may have a recovery on that account. Although prospective profits, as such, are not recoverable under the facts alleged in this petition, we are not disposed to say that the preparation given the land, the amount of fertilizer placed thereon, and any other fact which might tend to illustrate the value of the premises for rental purposes, may not be taken into consideration by the jury, even though such preparation of the land for the growing of a crop might have been made by some one having no connection whatever with the second contract, for the breach of which this suit is brought. For the reasons stated above, the order sustaining the demurrer and dismissing the petition is

<div align="center">

*Reversed. Wade, C. J., and Luke, J., concur.*