The Southwestern Railroad Company *vs.* Rowan & McCaury.

43    411
129    152

THE SOUTHWESTERN RAILROAD COMPANY, plaintiff in error, *vs.* ROWAN & McCAURY, defendants in error.

1. Where, on a trial of a suit to recover damages for the breach of a parol contract to receive and pay for a certain number of railroad stringers, it became material to show that a portion of the stringers had been delivered and paid for under the contract:

*Held,* That a witness who only knew of the existence of the contract from hearsay, might testify that in making the delivery, the parties acted on the contract, since this is no more than saying that they acted

The Southwestern Railroad Company *vs.* Rowan & McCaury.

on what they claimed or supposed to be the contract. The testimony does not go to show there was a contract, but to explain the delivery, and is admissible as part of the *res gestæ.*

2. Where there was testimony before a jury, on a trial for the breach of a contract, to receive and pay for a fixed number of railroad stringers at $15 00 per thousand feet, and there was evidence of the number of thousand feet in the lot agreed to be received, and also proof that after the refusal, the market price of lumber fell to $12 00, then $10 00 and then $9 00 per thousand:

*Held,* That in this proof there were all the elements necessary to enable the jury to arrive at the damages to the plaintiff.

3. As the verdict is supportable by the evidence, and there is no complaint of the charge of the Court, a new trial ought not to be granted.

Evidence. *Res gestæ.* Damages. Before Judge COLE. Houston Superior Court. January, 1871.

Rowan & McCaury averred that, in 1865, an agent of The Southwestern Railroad Company, contracted to receive of them five thousand railroad stringers, at $15 00 per thousand feet, within twelve months; that they fitted up a steam mill, hired hands, bought teams and cut stock to make the stringers, and had sawed four or five hundred, delivered them and been paid for them, at said price, when the price of stringers declined and the defendant refused to receive any more, to their damage, etc. Rowan testified that he made the contract sued upon with the supervisor of the road, and as to the preparations, delivery of part, etc., as averred. The supervisor admitted getting and paying for certain stringers from Rowan & McCaury, at $15 00, but denied that this was in pursuance of such contract. McCaury testified that he knew nothing of the contract being made, or of its terms, except by hearsay from Rowan, etc., but that the engine was bought and the other preparations were made, and the delivery was made by him pursuant to said contract; that but for the contract they would not have done such things. He testified, that by reason of the company stopping them in the fulfillment of the contract after lumber had declined, they were damaged $2,500 00. His evidence of acting under

a contract was objected to, because he did not know, except by hearsay, that a contract was made; but the objection was overruled. It was shown that such lumber declined to $12 00, then to $10 00 and then to $9 00 per thousand feet, during the time allowed for delivery under said contract. The jury found for plaintiff, $1,800 00, with interest from January 1st, 1867.

Defendant's counsel moved for a new trial, upon the grounds that the Court erred in admitting said evidence of McCaury, and because the verdict was contrary to law, strongly and decidedly against the weight of the evidence, etc. The new trial was refused, and that is assigned as error.

LYON & DEGRAFFENREID, for plaintiff in error.

POE, HALL & POE; C. C. DUNCAN, for defendants. Mc-Caury's evidence was admissible: 1st Gr. Ev., sec. 1; 18th Georgia Reports, 687; 27th, 444, 283. His evidence would not change the result: 19th Georgia Reports, 331; 14th, 43, 145; Revised Code, sec. 3663; 30th Georgia Reports, 859; 39th, 119. Verdict is legal: 37th Georgia Reports, 26; and sustained by evidence: 41st Georgia Reports, 71; 37th, 497. Verdict being right, no new trial: 6th Georgia Reports, 324; 10th, 429; 14th, 55; 17th, 267, 435; 15th, 155; 33d, 182; 34th, 101, 203, 458.

McCAY, Judge.

1. We see no error in the admission of the testimony of McCaury, so far as it was admitted. True, he does not know, of his own knowledge, of the contract. He says this. And the Court properly ruled out everything in his answers upon that subject. But he testifies to certain facts within his knowledge, to-wit: that certain of this lumber was delivered, and, to his understanding, that it was delivered under particular circumstances. As to the fact of the contract, or as to its terms, his testimony is of no value, nor

does he give it as the truth, but only as hearsay. Its only value is to explain the fact of the delivery. It is a part of the *res gestæ* of that transaction, and is legitimate testimony to explain *that* fact, even if the fact be that no such contract existed. It only amounts to a statement that the delivery was made under the *belief* that there was a contract; whether that belief was well or ill founded is immaterial. And this is, we are satisfied, perfectly in accord with the rules of evidence, as laid down by standard writers upon the subject. Our Code, section 3718, "declares that, whenever information, conversation, letters, replies, and similar evidence are facts to *explain conduct* and ascertain motives, they are admitted in evidence, not as hearsay, but as original evidence."

2. The general rule undoubtedly is, that the measure of damages in a contract like this, is the difference between the agreed value and the market value of the thing contracted for, unless the article have no market value. The case of the *Southwestern Railroad Company vs. Bryan*, 41 Georgia., 71, was a case of cross-ties, an article the *market value* of which it is almost impossible to fix, since there is, ordinarily, but one purchaser in a community. The case of stringers stands on a different footing. Sawed lumber has a distinct market value in almost every community. In this case, however, though there may be evidence before the jury as to the damages, which may not be exactly legitimate, yet there was also plenty of evidence to furnish the jury with data for a proper calculation. The number of feet bargained for was proven, the price per thousand feet, and the market price, at and after the refusal to receive, were all before the jury.

3. As there is no complaint of the charge of the Court, we must presume that the jury were properly instructed as to the measure of damages, and that in making up their verdict, they conformed to the instructions given. Different minds would probably come to different conclusions as to the truth of the case as made out by the evidence. But the

jury are the judges. In a case like this, where the evidence is conflicting, and the result must turn largely upon the credit the jury give to the witnesses, the decision is and ought to be very specially with the jury. As there is plenty of evidence to sustain the verdict, if it is believed, we will not disturb the finding.

Judgment affirmed.