## BUTLER *vs.* MOORE, executrix.

In an action by a purchaser of seed against his vendor on the latter's warranty of their quality, no fraud being alleged, the measure of damages would be the purchase money with interest and expenses incurred by the purchaser in complying with the contract after the same had been entered into, such as the hauling of the seed, preparing the purchaser's land for planting, sowing and rolling the seed, and such other necessary expense as was incurred after the making of the contract.

(*a.*) Loss of prospective profits on the land planted with the seed does not form a part of such damages.

Warranty. Contracts. Damages. Before Judge SNEAD. Richmond Superior Court. October Term, 1881.

Reported in the decison.

FOSTER & LAMAR, for plaintiff in error.

M. CUMMING, for defendant.

SPEER, Justice.

Plaintiff in error sued the testator of defendant for a breach of contract, upon a warranty made by him to plaintiff of certain German millet seed which plaintiff bought for the purpose of planting and raising a crop therefrom, which purpose was well known to defendant. He (defendant) at the time of said purchase warranted said seed to be good, and that the same would germinate and grow. Plaintiff alleges that he went to great expense, labor and care to prepare and fertilize his lands, and that with great care he planted the seed; but the same wholly failed to

germinate or grow, and were worthless, by reason of which plaintiff lost his labor and money expended in preparing, plowing and rolling said land ; also lost the rent of said land for the year and all the profits, etc., that he would have realized in the production of said crop.   On special demurrer, the court ordered stricken from plaintiff's declaration so much thereof as claimed damages for the labor and money expended in preparing said land, for the rent of the same, or profits that the plaintiff would have realized by the production of said crop if said seed had germinated and grown, holding that the measure of damages plaintiff was entitled to recover was limited to the price paid for said seed and the interest thereon, and this is the error assigned and here for review.

It will be borne in mind that this is an action for damages arising on a breach of contract, not for a tort.   Nor is there any allegation of fraud in the writ.

In actions for breach of contract, the law provides for the recovery of liquidated damages when the same are fixed by agreement.

Penalties in bonds are not recoverable if they appear unreasonable, and not so actually intended by the parties. In such cases the law usually gives only the actual damages.   Code, §§2940, 2941.

Expenses of litigation are usually not recoverable as part of the damages on a breach of contract, unless defendant has acted in bad faith, or has been stubbornly litigious, or has caused plaintiff unnecessary trouble and expense.   Code, §2942.

Exemplary damages can never be allowed in cases arising on contract.   Damages recovered on covenants of warranty as to lands, as well as on bonds for titles, are also fixed by rule.

There is a provision of the Code touching the recovery of damages on a breach of contract as provided for in the 2944th section that has been the subject matter of discussion and interpretation, and which is usually, relied

upon by those seeking to recover damages beyond what is ordinarily allowed on a breach of contract. The words of said section are : "Remote or consequential damages are not allowed whenever they cannot be traced solely to the breach of the contract, or unless they are capable of exact computation, such as the profits which are the immediate fruit of the contract, and are independent of any collateral enterprise entered into in contemplation of the contract."

Plaintiff insists on this breach of contract—that he is entitled to recover damages for the rent of his land, for his labor, money and care bestowed in preparing and fertilizing his land sown, and which proved unproductive by the worthlessness of the seed, and again for the value of the crops he would have raised on the land.

As early as 1 Kelly, 591, it was ruled in an action for breach of warranty on the soundness of a slave that the measure of damages was the difference between the price paid and the actual value of the slave with interest thereon. If the slave proved worthless and died, the measure of recovery at least was the price paid, with interest thereon. It was ruled later, in 19 *Ga.*, 417, that any necessary expense which one of the contracting parties incurred in complying with his part of the agreement may be recovered for breach of the contract ; but in the same case it was held prospective profits, which are conjectural, are usually too remote and uncertain to enter into the estimate of damages.

In 22 *Ga.*, 269, it was held that evidence of loss of profits by the necessary suspension of iron works, in consequence of the failure of a common carrier to deliver coal, is inadmissible in an action against said carrier for failure to transport and deliver the coal under his contracts. This measure of recovery, as before stated, as to the purchase money and interest or the difference between the price paid and what it was worth in its diseased condition, and extraordinary expenses, such as medical attendance, etc.,

was again recognized in 23 *Ga.*, 17. In 41 *Ga.*, the rule laid down in the 2944th section of the Code was followed as to remote or consequential damages. Yet, it was also held in the same case that any necessary expense incurred in complying with the contract may be recovered. See also 43 *Ga.*, 411 ; Code, §2950. In 60 *Ga.*, 148, money paid for a worthless fertilizer was held recoverable back, with interest ; and also the cost of hauling said article to the place where it was used, was held to be recoverable.

In 56 *Ga.*, 86, on a plea of partial failure of consideration to a contract given in the purchase of bacon, the rule recognized was, "the abatement of purchase money" (where the goods were sold under a warranty, either express or implied), "should be equal at least to the difference between the agreed price and actual value as reduced by defective quality."

In this suit no fraud was alleged nor any knowledge on the part of the seller that the seed were bad. It is merely a suit on the warranty of the merchantable quality of the goods, which the law imposes, or on the express warranty of the fitness of the seed for planting, as alleged by the plaintiff, and in such a suit we are constrained to hold, in conformity with the repeated rulings of this court, as referred to, that if the seed were worthless, the measure of damages would be the purchase money with interest and any expenses incurred in complying with the contract after the same was entered into, such as the hauling of the seed, preparing the lands for planting, sowing and rolling said seed, and such other necessary expense incurred after the entering into said contract.

We are well aware that a different rule, as to the measure of recovery, prevails in many of the other states of the Union, as was so ably and earnestly pressed upon this court by the counsel for plaintiff in error. It was insisted that the great public policy that should control an agricultural state should not lag behind her sister states, who have recognized a more liberal rule in favor of those engaged in

cultivating the soil; and that such is the policy of many
of the states is made manifest in the authorities produced
and relied upon by counsel for plaintiff in error. 71 N. Y.,
118 (27 Am., 19); 36 N. J., 262; 34 N, Y., 634; 13 How-
ard, 344; 19 Johns., 331; 35 Barb., 17; 8 Taunt., 535; 34
E. C. L., 628.   It is insisted the states announcing the
rule contended for are each commercial states, with the
national bias of the courts in favor of the salesman as
against the farmer, and so much stronger the necessity
and reason for the same to be recognized by an agricultu-
ral state like our own.    This is an argument that might
be well addressed to the law-making power, and not to
this court, in view of the unbroken line of decisions made
on this question.    But, while we can not acquiesce or
sanction the rule as to the full measure of damages as
claimed by plaintiff in error, we think the court erred in
limiting the plaintiff's recovery to the price paid for the
seed with interest.

Judgment reversed.