## 5211.  SAVANNAH CHEMICAL CO. *v.* BRAGG & SON.

1. There was no timely exception to the overruling of the demurrer to the defendants' plea.  A judgment overruling a demurrer can not properly be made a ground of a motion for a new trial.
2. Grounds of a motion for a new trial complaining of rulings on evidence can not be considered unless the evidence is set forth either literally or in substance, or attached to the motion as an exhibit.  That evidence was admitted over the objection of the party complaining affords no reason for the grant of a new trial, when it does not appear that any specific objection to its admission was made at the trial.
3. It is never reversible error for the court to refuse to direct a verdict.
4. The court did not err in charging the jury as to their right to draw inferences and deductions from the testimony.
5. It is not cause for a new trial that the court, in charging the jury, prefaced the delivery of certain requested instructions by saying, "I am requested by the plaintiff to give you this in charge."
6. The plaintiff having allowed the defendants to introduce, in support of their plea of recoupment, testimony to the effect that the fertilizer for which one of the notes sued on was given was worthless, although the terms of the note expressly excluded any warranty as to the effect of the fertilizer, the jury were authorized by this evidence to allow the amount of the note as a part of the damages awarded under that plea.  While the evidence sustains in part the finding of damages in favor of the defendants by way of recoupment, and that part is certain in amount, the remainder of the amount awarded is based upon testimony that is purely speculative and conjectural.

DECIDED JANUARY 20, 1914.  REHEARING DENIED FEBRUARY 4, 1914.

Complaint; from city court of Millen—Judge T. L. Hill.  August 18, 1913.

The Savannah Chemical Company sued D. Bragg & Son on four promissory notes aggregating $1,958, given by the defendants for the purchase-price of fertilizer to be used on their cotton crop.  The defendants pleaded, by way of recoupment, damages alleged to have grown out of the failure of the plaintiff to furnish to them a part of the fertilizer for which the notes sued on were given, consisting of nitrate of soda.  The defendants contended that had they been furnished this nitrate of soda, their cotton crop would have been increased 48 bales, worth $2,880; and they asked for a judgment in their favor for the difference between this sum and the amount sued for.  To this plea the plaintiff demurred, on the ground that the damages alleged were too remote and speculative to be considered.  The demurrer was overruled.  On the trial the jury returned a verdict in favor of the defendants for $1,200, to be deducted from the plaintiff's demand, and judgment was entered ac-

cordingly. The plaintiff made a motion for a new trial, on the usual general grounds, and by amendment added other grounds. The first of these additional grounds was that the court erred "in overruling plaintiff's general demurrer to defendants' plea and answer." The second was that the court erred "in admitting testimony of one of the defendants, John L. Bragg, over objection of plaintiff's counsel, tending to show what the increase of yield of his cotton would have been had he been furnished the nitrate of soda according to the contract with plaintiff; because said testimony was offered for the purpose of proving damages accruing from the loss of profits on cotton which he did not make; such damages being very remote, exceedingly conjectural and prospective, and this testimony should have been excluded from the consideration of the jury." The next ground alleges error "in admitting, over the objections of counsel for plaintiff, testimony of H. W. Parker, a witness for defendants, tending to show his profitable use of nitrate of soda on his cotton crop; because he was a different man, with different methods of farming, and farming in a different field; and further, for the reason that if he was competent to testify, his testimony would still be inadmissible on the same grounds stated in paragraph second relative to defendant's testimony." The next ground is that "the court erred in admitting the testimony, over the objections of plaintiff's counsel, of R. K. Parker, a witness for the defendants, for the same reasons assigned as error in the preceding paragraph." The remaining grounds of the motion for a new trial are stated in the following opinion. There was some evidence tending to show that the price of nitrate of soda had advanced about $7 or $8 per ton between the time of the execution of the contract and the date on which the nitrate of soda was to be delivered. The court overruled the motion for a new trial, and the plaintiff excepted.

*J. C. Hollingsworth,* for plaintiff.

*R. P. Jones,* for defendants.

ROAN, J. (After stating the foregoing facts.)

1. The assignment of error as to the overruling of the plaintiff's demurrer to the defendants' plea can not be considered by this court. A judgment overruling a demurrer can not properly be made a ground of a motion for a new trial; and no exceptions pendente lite were filed. The assignment of error on this subject

in the bill of exceptions was not made within the time required by law. See *Mayor &c. of Dublin* v. *Dudley,* 2 *Ga. App.* 762 (59 S. E. 84) ; *Williams* v. *State,* 2 *Ga. App.* 629 (58 S. E. 1071) ; *Farmers Oil & Guano Co.* v. *Southern Refining Co.,* 10 *Ga. App.* 415 (73 S. E. 350) ; *Kelly* v. *Strouse,* 116 *Ga.* 889 (43 S. E. 280) ; *Buchanan* v. *McClain,* 110 *Ga.* 477 (35 S. E. 665).

2. The second, third, and fourth grounds of the amendment to the motion for a new trial, which deal with the admitting of testimony, can not be considered, for the reason that the testimony objected to is not set out, either literally or in substance, in the motion for a new trial. And though it is stated that this testimony was admitted over objection, and that it was objectionable for certain reasons which are stated, it does not appear that any specific ground of objection was stated at the trial. "Grounds of a motion for a new trial complaining of rulings on evidence can not be considered unless the evidence is set forth either literally or in substance, or attached to the motion as an exhibit." *Owen* v. *Palmour,* 115 *Ga.* 683 (42 S. E. 53). "That evidence was admitted over the objection of the party complaining affords no reason for the grant of a new trial, when it does not appear that any specific objection to its admission was made at the trial." *Stewart* v. *Bank of Social Circle,* 100 *Ga.* 496 (28 S. E. 249). There are numerous rulings to this effect.

If the assignments of error as to the admission of testimony had been properly made, so that they could have been passed upon by this court, they could not have been held to be without merit; for the testimony complained of was too speculative and uncertain in its nature to have been admitted to establish the damages claimed by the defendants. So also as to the exceptions to the overruling of the demurrer to the defendants' plea. It has been repeatedly held by the Supreme Court that damages of the kind claimed in this plea, and which the defendants sought to establish by the testimony objected to, savor too much of conjecture and guesswork. One man may use nitrate of soda on his crop and by its use obtain very different results from those obtained by another using it on the same kind of land, with probably different methods of cultivation and in different seasons. Whilst absolute mathematical certainty is never required or expected in legal investigations, and is hardly ever attainable, yet in a court—a place for the adjustment

of disputes between individuals as to their rights—all proceedings should be on a plane as free from guesswork and conjecture as possible, and in the adjustment of these differences there should be used means adapted to reach the truth with reasonable certainty. How is it possible for any person, considering all the contingencies and incidents necessarily attending the planting, cultivation, and fertilization of a crop of cotton, to tell, even after it has matured and has been gathered, the particular influence of any one thing in bringing about the final result? Is it not necessarily true that those who undertake to do this are indulging in conjecture, speculation, and guesswork? See *Coweta Falls Mfg. Co.* v. *Rogers,* 19 *Ga.* 416 (65 Am. D. 602) ; *Butler* v. *Moore,* 68 *Ga.* 780 (45 Am. R. 508) ; *Clay* v. *Western Union Tel. Co.,* 81 *Ga.* 285 (6 S. E. 813, 12 Am. St. R. 316) ; *Hall* v. *J. I. Case Threshing Machine Co.,* 11 *Ga. App.* 840 (76 S. E. 597).

3. One of the grounds of the motion for a new trial alleges error in refusing, on motion of the plaintiff's counsel, to direct a verdict in the plaintiff's favor. It has been frequently held by the Supreme Court and by this court that it is never reversible error for the court to refuse to direct a verdict.

4. The next ground of the motion for a new trial alleges that the court erred in charging the jury as follows: "You have the right, under the law, to infer from all the facts and testimony in this case, you have the right to draw legal conclusions and deductions in arriving at your verdict. You can take into consideration the testimony of the witnesses as to the value or non-value of the use of soda on this piece of land in this particular season and this particular year. You can take into consideration the use or non-use of soda on adjoining lands in this particular season, that is, on the Parker place, for that particular year. You can compare results. You can draw all reasonable deductions, in arriving at your verdict." It is alleged that this part of the charge was error because "the jury were not authorized under the law to draw inferences, conclusions, and deductions in arriving at their verdict, but should have been governed solely by the testimony which would tend to prove damages such as they would be able to compute with accuracy." This assignment of error is without merit, for the jury are authorized under the law, and it is their duty, to draw infer-

ences, conclusions, and deductions from the evidence in arriving at their verdict.

5. There is no merit in the next ground of the motion for a new trial, where it is complained that the court, in charging the jury, prefaced the delivery of certain instructions by saying, "I am requested by the plaintiff to give you this in charge." See *Dotson* v. *State*, 136 *Ga.* 243 (3), 245 (71 S. E. 164).

6. We now come to the usual general grounds, that the verdict is contrary to law and to evidence, etc. A considerable part of the $1,200 damages allowed by the jury against the plaintiff for failure to furnish 16 tons of nitrate of soda as a top dressing for the defendants' cotton crop was based upon testimony that is purely speculative, uncertain, and conjectural; and that part of the verdict is contrary to law; but a portion of the finding is sustained by evidence. One of the notes sued on was for $558, and was dated June 18, 1912, and became due November 15, 1912, and bore interest from maturity at the rate of 8 per cent. per annum. In the body of this note Bragg & Son admit that the laws of this State were complied with on the part of the seller of the fertilizer, as to the inspector's tag and in all other respects, and that the sellers "have neither impliedly nor expressly warranted the effect of [the fertilizer] on crops," and the buyers agree that they "can not hold the [seller] responsible in any way for practical results." While the defendants thereby precluded themselves from pleading the worthlessness of the particular land plaster or top dressing for the soil, for which this note was given, yet on the trial of this case the plaintiff failed to object to testimony, introduced by the defendants, to the effect that the fertilizer for which this note was given was dirt and entirely worthless. The plaintiff thereby allowed the defendants to place before the jury evidence of the non-value of the land plaster or top dressing for which this note was given; and the jury had the right, under that evidence (which nowhere in the record is disputed), to allow the amount of the note as a part of the damages awarded under the plea of recoupment. This note, with interest on it up to the time of the trial, and the amount of the difference between the contract price of the 16 tons of nitrate of soda at the time it was purchased and the sum it was worth at the time it was to be delivered (it having advanced in price $7 per ton, and therefore being worth $112 more than the

defendants had contracted to pay for it, in which sum the defend-
ants were likewise damaged), added together, make $688.60; for
which the jury were authorized to find damages in favor of the
defendants against the plaintiff. Any greater amount of damages
than this was without legal evidence to support it, and therefore
was contrary to law. We therefore affirm the judgment, with direc-
tion to the court below to add to the plaintiff's recovery the sum of
$511.40, the effect of this being to write off from the $1,200 dam-
ages, found by the jury by way of recoupment, all except $688.60;
the costs to be taxed against the defendants.

*Judgment affirmed, with direction.*

### ON MOTION FOR REHEARING.

The plaintiff in error makes the point that the court in its de-
cision in this case overlooked the fact that the suit was predicated
upon four notes of the defendants, the execution of which was ad-
mitted by them, and overlooked the fact that the only plea filed by
them was one of recoupment for damages on account of the
failure of the plaintiff to furnish certain nitrate of soda. We
have heretofore alluded to various defects in the trial and to the
failure of either party to make timely objections to matters
which might have been correctly adjudicated at the trial if the at-
tention of the trial judge had been called to them, or if he had not
been authorized to treat them as waived by the parties. However,
the court did not overlook either the nature of the suit or the plea.
In the state of the record it was apparent that objections which
could have been urged to some of the testimony were not presented,
and the effort of this court was to mould such a judgment as would
accord substantial justice in conformity with the rules of law, and
without doing violence to any of the rules of pleading. It seems to
us, however, to be perfectly plain that while this plea is one of re-
coupment, under the testimony of the defendants, which was not
objected to, the substitute received from the plaintiff (which is
the basis of the note of June 18) was perfectly worthless, and the
jury were authorized to find that the defendants were entitled to
recoup, under the plea filed, as an element of damage consequent
upon the breach of the contract of the plaintiff to furnish nitrate
of soda, the purchase-price of this worthless top-dressing, fur-
nished at the plaintiff's own instance, according to the testimony,
in the endeavor to avoid the consequence of the breach of the con-

tract and to adjust the matter to the satisfaction of its customers, the defendants. If Bragg & Co. had purchased this top-dressing from some other concern, and upon a test it had been proven to be worthless, can it be contended that they would not be permitted to recoup, on a plea filed, the amount they expended in endeavoring to diminish the damage consequent upon the breach of the contract? What matters it (in fact we think it rather strengthens the defendants' contentions) that this top-dressing was purchased from the plaintiff rather than from a third person? The defendants claim that by the plaintiff's failure to furnish the nitrate of soda they were damaged in the sum of $2,880. This was their cause of action. They alleged, it is true, that the breach of the contract resulted in the diminution of their crop, but the cause of action was the injury consequent upon the breach. Doubtless, upon timely objection to the evidence, the court would have confined them to damages in the precise particular detailed in the plea of recoupment. But, if the evidence submitted authorized the jury to find that the top-dressing was worthless, and that its purchase-price was represented by the note of June 18, then no matter in whose hands the evidence of this debt might be, the note was without consideration; and had this evidence been objected to as not pertinent to the plea, can it be contended that the defendants could not at once have amended the plea so as to conform to this evidence; or can it be for a moment supposed that such an amendment would have been objectionable upon the ground that it was not germane to the plea of recoupment? The defendants' cross-action was a plea of recoupment, predicated upon the alleged fact that upon the plaintiff's breach of the contract to furnish nitrate of soda, the defendants were injured with reference to the transaction specifically identified. In the course of the trial an amendment to the plea would technically have been proper. It appears that the plaintiff's counsel waived the formality by acquiescence in the admission of evidence which would have been perfectly pertinent to the amendment if it had been made. Objection to the amendment would have been futile; and certainly when the formality is waived, it can not afford the party waiving it good ground for setting aside the verdict of a jury, in order to have the same evidence in another trial more formally submitted.

The same ruling will apply to the contention of the counsel for

plaintiff in error as to the abatement allowed for the advance in price of the nitrate of soda. The defendants' cause of action is set forth in the plea for damages consequent upon the breach of the contract in regard to the nitrate of soda above referred to. By proper amendment they could have alleged, as one element of damage, that (even if they had not intended to use the nitrate of soda on their own farm) they would have been able to sell the nitrate of soda at the advanced price, and that under the contract they were entitled to a profit of $7 a ton. As to this point, the plaintiff relieved the defendants of making the formal amendment, by waiving it and acquiescing in the admission of testimony which would properly have supported the amendment if it had been offered. In fact, in the defendants' original plea there is an allegation of their loss as to this item, though there is no definite request for recovery upon that specific ground, and, so far as this particular paragraph is concerned, it would have only been necessary to add the request.

· After a very careful and painstaking examination of this record on the original hearing, we are at a loss to see any semblance of a reason why the rehearing should be granted. *Rehearing denied.*