8432.  CHAMBLEE *v.* FARMERS AND MERCHANTS BANK.

BROYLES, P. J.  1.  Under the ruling of this court in *Sloan* v. *Farmers & Merchants Bank*, ante, 123 (92 S. E. 893), the court did not err in striking, on oral motion at the trial term, the original answer and plea of the defendant, or in disallowing all of the proffered amendments except the amendment which set up the defense of non est factum as to the indorsement of the note sued upon. The latter plea was properly allowed.

2.  The charge of the court as to the respective weight to be given to the evidence of witnesses who testify positively to a fact and to the evidence of other witnesses who testify negatively to the same fact, was erroneous, in that the judge failed to state, in connection therewith, that the jury, in weighing the testimony of such witnesses, should consider the question of their credibility. *Wright* v. *Western & Atlantic R. Co.*, 139 *Ga.* 343 (6). Under the facts of the case, however, this error was harmless and does not require a new trial. The only issue before the jury was whether the defendant had indorsed the note sued upon. One unimpeached witness for the plaintiff testified positively that he saw the defendant sign his name on the back of the note. The only evidence for the defendant on this question was the testimony of the defendant himself, and his testimony was, in substance, that he did not remember signing the note on the back, and did not think he had, but that his name on the back looked like his signature, and "I won't swear I didn't put it there." This evidence demanded a finding against the plea of non est factum; and, accordingly, the error in this portion of the charge was harmless.

3.  The other instructions complained of are not erroneous, when taken in connection with the entire charge and the facts of the case.

4.  The 6th ground of the amendment to the motion for a new trial complains of the refusal of the court to rule out "all the evidence of James. Merritt, S. C. Dunlap Jr., and R. W. Smith, same set out and shown under their respective names in brief of evidence herein approved and filed on the ground then and there stated that all of the evidence of each of said witnesses was merely opinion evidence in comparison of signatures where one was admitted to be genuine and the jury could judge and compare in such cases for themselves as well as those witnesses, and that their opinion was not admissible in such cases." This

ground is not complete in itself, and raises no question for decision ·by this court. The evidence itself should have been set forth in the ground. *Smiley* v. *Smiley*, 144 *Ga.* 546 (2); *Tolbert* v. *State*, 16 *Ga. App.* 311 (1); *Roddenberry Hardware Co.* v. *Merritt*, 17 *Ga. App.* 425 (1).

5. The court did not err in refusing ·to comply with the various requests to charge, as set forth in the special grounds of the motion for a new trial. These requests were sufficiently covered by the general· charge, in so far as they were pertinent and legal.

6. The. evidence not only authorized, but demanded the verdict.

*Judgment affirmed.    Jenkins and Bloodworth, JJ., concur.*

DECIDED JULY 19, 1917. REHEARING DENIED AUGUST 2, 1917.

Complaint; from Hall superior court—Judge J. B. Jones. August 12, 1916.

*J. G. Collins,* for plaintiff in error. *W. A. Charters,* contra.