10133. PRINCE v. EVANS.

BLOODWORTH, J. 1. Where a bill of exceptions recites the filing of a petition and of a demurrer thereto, that the demurrer was sustained and the case dismissed, and states that "to this ruling and to this judgment of the court on said demurrer plaintiff excepted, now excepts, and assigns the same as error, on the ground that said judgment and ruling is contrary to law," the assignment of error is sufficient to withstand a motion to dismiss the writ of error. *DuBose* v. *Bank of Sparta*, 139 *Ga.* 115 (76. S. E. 864); *Galloway* v. *Vestal*, 135 *Ga.* 707 (2) (70 S. E. 589); *Toomey* v. *Read*, 133 *Ga.* 855 (67 S. E. 100); *McGregor* v. *Third National Bank*, 124 *Ga.* 557 (3) (53 S. E. 93); *American Investment Co.* v. *Cable Co.*, 4 *Ga. App.* 106 (60 S. E. 1037); *O'Neal* v. *Miller*, 9 *Ga. App.* 180 (2) (70 S. E. 971).

2. A petition which seeks to recover damages from a vendor of fertilizers because of his failure to deliver a portion of a lot of guano contracted for, resulting in the purchaser not having enough fertilizer for his entire farm, and the consequent failure of a portion of land cultivated by him to produce as much corn and cotton without the fertilizer as it would have done with it, was properly dismissed on demurrer, even though the petition alleged that the land upon which the guano furnished was used produced more than that upon which it was not used, and though all the land "received the same cultivation and attention and had the same seasons." Such damages are too remote and are not "such as the parties contemplated when the contract was made, as the probable result of its breach." Civil Code (1910), §§ 4394, 4395; *Williams Mfg. Co.* v. *Schofield's Sons Co.*, 21 *Ga. App.* 23 (2), 27 (93 S. E. 527), and cases cited. See also *Leitner* v. *Goodwin*, 60 *Ga.* 148 (2); *Butler* v. *Moore*, 68 *Ga.* 780 (45 Am. R. 508).

3. "In a suit for special damages alone, where the plaintiff is not entitled to recover the special damages sued for, there can be no recovery of general or nominal damages." *Twin City Lumber Co.* v. *Daniels*, 22 *Ga. App.* 578 (4), 587 (96 S. E. 437), and cases cited.

Judgment affirmed. *Broyles, P. J., and Stephens, J., concur.*
DECIDED APRIL 22, 1919.

Action for breach of contract; from city court of LaGrange— Judge Moon. September 20, 1918.

*R. A. McGraw, J. B. Hatchett,* for plaintiff.

*Lee B. Wyatt, Arthur Greer, L. L. Meadors,* for defendant.