## 12423.  Codman v. Roberds.

Luke, J. 1. In an action on notes for the purchase price of potash bought for use as a fertilizer, Roberds, the payee, obtained a verdict against Codman, the maker, for the full amount of the notes. The evidence being conflicting, the judgment will not be reversed on the general grounds of the motion for new trial.

2. By section 1796 of the Civil Code (1910) it is provided that "It shall be lawful for manufacturers, jobbers, dealers, and manipulators of commercial fertilizers and fertilizer material to sell or offer for sale in .the State of Georgia acid phosphate or other fertilizer materials in bulk to persons, individuals, or firms who desire to purchase the same for their own use on their own lands but not for sale." Upon an examination of the act of 1903 from which this section is taken (Ga. L. 1903, p. 94), and a comparison of it with section 1771 of the Civil Code (1910), requiring the registration of the names of the brands of fertilizers, acid phosphate, fertilizer materials or chemicals offered for sale, together with the name and address of the manufacturer or manipulator, and the guaranteed analysis thereof, with the sources from which the phosphoric acid, nitrogen, and potash are derived, section 1771, properly construed, does not apply to fertilizers or fertilizer material sold in bulk to persons desiring to purchase the same for their own use on their own land.

(a) The excerpt from the charge of the court to which exception is taken is not erroneous for any reason assigned. No error is assigned thereon upon the ground that the evidence was conflicting as to whether the sale was in bulk.

3. The charge of the court, that "there is a difference in·the testimony here between these parties, as to whether or not this fertilizer was sold in bulk or in sacks," was not error for the reason assigned that the evidence showed that the fertilizer material was "delivered" in sacks. The question is not how it was delivered, but how it was sold.

4. It was not error for the judge to charge that if the sale was in bulk to one desiring to use it for his own use on his own land, the seller was under no obligation to brand the potash in accordance with the provisions of section 1772 of the Civil Code (1910).

5. The court having substantially charged the provisions of the act of 1911 (Ga. L. 1911, p. 172), embodied in section 1778 (a) of Park's Annotated Code, and having stated to the jury the defendant's contention that the sacks of potash were not marked or branded in accordance with that section, and that therefore the notes sued on were void, there is no merit in the contention that "the charge did not plainly set forth the contention of the defendant that if the sacks were not tagged in accordance with the provisions of this section, the sale would be void."

6. Whether the borax in the potash sold rendered it totally worthless was a question for the jury, and the court properly left it to them.

7. One of the grounds of the motion for a new trial is as follows: "Because the court admitted the testimony of a witness, John M. Blain, over the objection of defendant's counsel on the ground that the same was irrelevant and hearsay; the purpose of which was to show that the fertilizer material sold to the witness by the plaintiff was used upon his crops and did them no damage." It is not enough to state the purpose of the evidence. The evidence itself, literally or in substance,

should have been set out in the exceptions. *Petty* v. *Brunswick &c. Ry. Co.*, 109 *Ga.* 666 (4) (35 S. E. 82); *Davis* v. *Gaskins*, 137 *Ga.* 450 (2) (73 S. E. 579); *Chamblee* v. *Farmers & Merchants Bank*, 20 *Ga. App.* 527 (4) (93 S. E. 239); *Tolbert* v. *State*, 16 *Ga. App.* 311 (85 S. E. 267).

8. The judge properly instructed the jury that there was no evidence to support a partial failure of consideration.

9. The defendant pleaded by way of recoupment that the poisonous borax in the potash sold him caused him a loss of 19 bales of cotton worth $200 per bale, and 9,500 pounds of cottonseed worth $80 per ton, or a total loss of $4,180. He arrived at this loss by proof that the 52 acres to which he applied, at the rate of 500 pounds per acre, a mixed fertilizer containing a fifth part of the potash in question yielded only six bales of cotton, whereas two near-by acres of equal natural fertility, planted with the same kind of seed and worked alike, but fertilized differently, made at least half a bale per acre; his contention being that the 52 acres would have made at least twenty-five 500-pound bales of cotton of a grade worth 40 cents per pound, together with 1,000 pounds of seed to each bale, had the cottonseed planted not been injured by the borax. By subtracting the cotton and seed actually made from what should have been made, he undertakes to fix his actual loss. The damages so sought were speculative, and the court did not err in charging that they were not recoverable. *Butler* v. *Moore*, 68 *Ga.* 780 (45 Am. R. 508); *Savannah Chemical Co.* v. *Bragg*, 14 *Ga. App.* 371, 373 (80 S. E. 858). For no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 16, 1921.

Complaint; from city court of Savannah — Judge Freeman. March 4, 1921.

*Connerdt & Hunter*, for plaintiff in error.

*Seabrook & Kennedy*, contra.