14612.   STAFFORD *v.* MOCK, administratrix.

JENKINS, P. J.   1. The affidavit of foreclosure of a landlord's lien for supplies, wherein it is set forth that "the debt herein alleged to be due is for supplies furnished by said landlord to said tenant to make said crop," does not appear to be deficient (as contended by the plaintiff in error in his brief) by reason of having failed to show that the lien was for supplies furnished the defendant by the plaintiff as landlord for making the crops on the rented premises during the current year. See also, in this connection, *Emerson* v. *Knight,* 130 *Ga.* 100 (2) (60 S. E. 255).

2. The court did not err in the ruling excepted to, sustaining the demurrer to the items of damages ordered stricken from the counter-affidavit, such a claim being too remote and speculative to be the basis of computation. *Butler* v. *Moore,* 68 *Ga.* 780 (45 Am. R. 508); *Codman* v. *Roberds,* 27 *Ga. App.* 780 (109 S. E. 536); *Savannah Chemical Co.* v. *Bragg,* 14 *Ga. App.* 371, 374 (80 S. E. 858). In the case of *Sheppard* v. *Warthen,* 19 *Ga. App.* 677 (92 S. E. 39), there was an alleged total breach of performance by the landlord, and an alleged necessary complete abandonment of the contract by the tenant. In such a case the fertilizer which has been actually applied prior to the landlord's breach of his agreement became a total loss, and the basis of the recovery could be measured accordingly.

*Judgment affirmed.*   *Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 24, 1923.

Lien foreclosure; from city court of Sylvania—Judge Evans. April 10, 1923.

To the foreclosure of a landlord's lien for supplies, amounting to $379.50, the defendant interposed a counter-affidavit, admitting the advances alleged to have been made by the plaintiff, but setting up that the plaintiff had agreed to advance the sum of $300 in cash and had furnished only $177 thereof, and that by reason of this default the crop as made by the defendant on the rented premises had been injured and curtailed to the extent of seven bales of cotton worth $700; that a half of the value of the fertilizer used had been lost, thus entailing an additional loss of $85; and that by reason of the said partial breach of the plaintiff's agreement, the defendant had been unable to gather his fodder, valued at $30. The court sustained a demurrer to the first two of these three items of damages, and overruled the demurrer to the last item, and the jury found a verdict for the plaintiff in the sum of $340.50. The defendant excepted to the sustaining of the demurrer as to the first two items.

*H. A. Boykin,* for plaintiff in error.

*J. H. Howard,* contra.