## 58159. BENNETT et al. v. SMITH.

BIRDSONG, Judge.

Appellants brought an action in tort against appellee alleging that as a result of Smith's negligent delivery of contaminated pre-lay feed, appellants' hens stopped laying eggs. At trial, the trial court granted Smith's motion for directed verdict on the ground that appellants failed to introduce sufficient evidence on the question of damages. The court ruled that under *Radlo of Ga. v. Little*, 129 Ga. App. 530 (199 SE2d 835), Smith was entitled to a directed verdict because (1) appellants had not shown a profit in their year-old business and (2) appellants introduced no evidence to establish their cost of production. We believe the trial court correctly directed the verdict against appellants.

As we view it, in order to make out a right to damages, appellants were obligated to establish with reasonable certitude their provable estimated net loss of profits by showing the experience factors giving rise to the provable estimated gross revenues less the provable estimated expenses. Necessarily then, we conclude that this is a suit for loss of estimated net profits and not simply loss of estimated gross revenues.

To adopt the position advocated by appellants would make Smith an insurer for lost revenue, and not liable only for damages incident to tortious conduct. Logic compels us to conclude that as the quantity of eggs laid declined, the cost of gathering, packaging and distributing the eggs, also would decline. Appellants would not have incurred those costs and apparently did not pay them. Thus to sustain appellants' position would be to approve payment to appellants of what would amount to a windfall, and thus an unjust enrichment to the extent their estimated gross revenue based upon prior experience is not reduced by an estimated cost of production based upon the same estimated time frame.

We hold that the trial court was eminently correct in concluding that the deleterious effect of the improper pre-lay feed on the pure loss of prospective profits was too remote and speculative to be recoverable, and the true measure of damages must be limited to the reasonably

established prospective income less the reasonably established expenses. *Radlo of Ga. v. Little,* supra, 534. In the absence of evidence showing the reasonably expected expenses, as well as the expected revenues, the jury could not have been furnished data sufficient to enable the jurors to estimate with reasonable certainty the amount of the damages (*National Refrigerator &c. Co. v. Parmalee,* 9 Ga. App. 725 (1) (72 SE 191)), but impermissibly would leave the question of damages to speculation, conjecture and guesswork. *Silco v. Gwinnett County Hospital Authority,* 151 Ga. App. 634; *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (62 SE2d 198). We affirm the trial court's direction of a verdict in favor of the appellees. See *Kitchens v. Lowe,* 139 Ga. App. 526, 531 (228 SE2d 923).

*Judgment affirmed. Deen, C. J., Shulman, Underwood and Carley, JJ., concur. Quillian, P. J., McMurray, P. J., Smith and Banke, JJ., dissent.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 5, 1979 — REHEARING DENIED DECEMBER 20, 1979 —

*Glyndon C. Pruitt,* for appellants.
*J. Douglas Stewart,* for appellee.

SMITH, Judge, dissenting.

I believe the majority has thrown a meritorious claim out of court. I therefore dissent.

Where an individual is damaged as a result of another's negligence, he should be compensated for his loss. In the case at bar, the majority, by applying an inapplicable rule of law, has deprived appellants of an opportunity to present their case to a jury because they failed to prove "lost profits." Under the facts of this case, I do not believe it was incumbent on appellants to prove lost profits. The burden on appellants with respect to damages was to prove their actual loss. In my view, appellants satisfied this burden.

It is beyond dispute that appellants introduced competent testimony sufficient to establish the level of

egg production and market price of eggs both prior and subsequent to the delivery of the feed. Appellants also provided uncontroverted testimony that their production costs (i.e. labor, utilities, food, and financing) were essentially the same before and after the delivery of the feed. If appellees alleged negligence proximately caused appellants' loss of egg production, they should be required to put appellants in the position they were in prior to this loss.

In my view, the appropriate measure of damages in this case is the total loss of revenue resulting from appellees' alleged negligence less any reduction in production costs occasioned by the loss of egg production. Although appellants did not provide specific figures as to all of the various sums expended in meeting production costs prior and subsequent to the loss of egg production, they did provide uncontroverted testimony that their production costs remained essentially the same after the feed was delivered and their egg production ceased. Under these circumstances, the amount of lost revenue is the appropriate measure of damages. Although the majority is compelled by "[l]ogic . . . to conclude that as the quantity of eggs laid declined, the cost of gathering, packaging and distributing the eggs, also would decline," the question here is not one of logic, but one of fact. The uncontroverted testimony in the record establishes that, due to the nature of appellants' business, sums expended in meeting production costs remained essentially the same during the period of non-production. Therefore, proof of appellants' actual loss by resort to proof of appellants' lost revenue should have been sufficient.

The majority believes that "appellants were obligated to establish with reasonable certitude their provable estimated net loss of profits by showing the experience factors giving rise to the provable estimated gross revenues less the provable estimated expenses." Thus, the majority apparently takes the position that if appellants could not establish a net profit in their business during the period in question, they were entitled to recover nothing. I cannot accept this position. The overall profitability of appellants' business should have no bearing on whether they are entitled to be made whole.

Even if appellants could not show a net profit in their business, they should be entitled to recover for losses resulting from another's negligence. At the very least, they would be able to hold their losses to the level at which they would have been in the absence of a tortious injury.

I find the case of *Radlo of Ga. v. Little,* 129 Ga. App. 530 (199 SE2d 835) (1973), to be wholly inapplicable to the case at bar. In *Radlo,* the damages alleged were too speculative to be recoverable because of the absence of a production record. In the instant case, appellants provided the trier of fact with extensive documentation of production levels both prior and subsequent to the delivery of the feed. In light of this documentation, the damages alleged in this case, unlike those in *Radlo,* are easily quantifiable. See *Ayers v. John B. Daniel Co.,* 35 Ga. App. 511 (133 SE 878) (1926).

I believe the trial court erred in directing a verdict against appellants. The judgment should be reversed.

I am authorized to state that Presiding Judge Quillian, Presiding Judge McMurray and Judge Banke join in this dissent.