35994. BENNETT et al. v. SMITH.

MARSHALL, Justice.

We granted certiorari in this case, *Bennett v. Smith,* 152 Ga. App. 841 (264 SE2d 233) (1979), which raises questions concerning the law of damages.

The appellants-plaintiffs operate an egg farm. The appellee-defendant supplied feed for the plaintiffs' hens.

The plaintiffs brought this tort action against the defendant, alleging that the defendant's negligence in delivering contaminated feed to one of the plaintiffs' hen houses caused the plaintiffs' hens to stop laying eggs.

The plaintiffs sought to establish their damages by showing the decrease in egg production at the hen house to which the allegedly contaminated feed was delivered, as compared to the production figures at the plaintiffs' other hen houses. The plaintiffs submitted evidence of the market price at which they would have sold the eggs during the period production was stopped. The plaintiffs also presented evidence that, due to the nature of the egg business, their costs of production remain the same during the period of nonproduction.

The trial court granted the defendant's motion for directed verdict. As we read the transcript, the defendant's motion for directed verdict was granted for two interrelated reasons. First, the plaintiffs' egg business is a new business without any proven history of profits, and, therefore, lost profits are too remote, speculative and contingent to be recoverable. *Radlo of Ga., Inc. v. Little,* 129 Ga. App. 530 (199 SE2d 835) (1973). Second, the plaintiffs failed to introduce evidence of how their expenses or costs of production decreased as the quantity of eggs produced declined, and, therefore, there was no basis for the jury to determine with reasonable certitude the amount of lost profits. *Radlo of Ga., Inc. v. Little,* supra.

On appeal, a five-judge majority on the Court of Appeals affirmed, on the ground that the plaintiffs had failed to introduce evidence of the decrease in their costs of production during the production stoppage, thereby affording the jury an insufficient evidentiary base from which to award damages. A four-judge minority on the Court of Appeals dissented, on the ground that the plaintiffs had submitted evidence that their production costs were the same during periods of nonproduction, and, therefore, they should be able to recover lost revenues as damages, even though such revenues might not have been enough to make the business profitable. *Held:*

We agree with the minority position.

Typically, a plaintiff who is seeking to recover lost

future profits argues that such profits would have been derived from a transaction that was never completed because of a contract breached by the defendant or a tort committed by him. In a case such as that, it is incumbent on the plaintiff to show what revenues he would have obtained from the transaction, as well as the expenses he would have incurred in generating those revenues. The plaintiff must prove both anticipated revenues and expenses with reasonable certainty in order to recover. *Radlo of Ga., Inc. v. Little,* supra, and cits.

However, this case is distinguishable from *Radlo* and the cases cited therein. In those cases, the transactions which allegedly would have produced the profits for which recovery was sought were not completed. In this case, the transaction was completed in that the plaintiffs have continued egg farming operations, including operations at the hen house to which the contaminated feed was allegedly delivered. The plaintiffs produced uncontroverted testimony that, due to the nature of their business, the expenses at the hen house at which production was stopped remained essentially the same during the production stoppage. Under these circumstances, the jury would have been authorized in awarding the plaintiffs lost revenues as damages without deducting production expenses therefrom, since the plaintiffs' evidence showed that they incurred the same expenses they would have incurred had the hens continued to lay eggs.

Thus, under the facts present here, the plaintiffs' failure to provide specific figures as to the various sums expended in meeting production costs prior and subsequent to the stoppage in egg production, was not fatal to their case.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 14, 1980 — DECIDED APRIL 29, 1980.

*Glyndon C. Pruitt,* for appellants.
*J. Douglas Stewart,* for appellee.