## 60051. SOLON AUTOMATED SERVICES, INC. v. PINES ASSOCIATES, INC.

ADDITION TO 156 GA. APP. 34.
(October 8, 1980)

ON MOTION FOR REHEARING.

Plaintiff argues, on Motion for Rehearing, that we have overlooked *Bennett v. Smith,* 245 Ga. 725 (267 SE2d 19), and *Bradley v. Godwin,* 152 Ga. App. 782 (264 SE2d 262), which "control and require this court to reconsider and reverse its present opinion."

*Bennett v. Smith,* 245 Ga. 725, supra, held that "[t]he plaintiff must prove both anticipated revenues and expenses with reasonable certainty in order to recover." 245 Ga. at 727. In the instant case the record was totally devoid of expenses admittedly incurred in the execution of the lease, while in *Bennett* the court found that "[t]he plaintiffs produced uncontroverted testimony that, due to the nature of their business, the expenses . . . remained essentially the same during the production stoppage." 245 Ga. at 727. Such evidence is lacking here.

Neither does *Bradley v. Godwin,* 152 Ga. App. 782, supra, require a different result. The key phrase in *Bradley* relied upon by the plaintiff is that "under the Civil Practice Act it is not necessary to pray specifically for general or nominal damages *in order to present a question for the jury* as to nominal damages." (Emphasis supplied.) We have no disagreement with that holding. Plaintiff should note that in his action he prayed for special damages only and failed to mention nominal damages in the pleadings, the prayer, or during the trial. We predicated our original holding upon the fact that "the issue of nominal damages [was not raised] at trial." Mem. Op. 4. Accordingly, under *Bradley,* supra, although "it is not necessary to pray specifically for general or nominal damages in order to present a question for the jury as to nominal damages," it is necessary that the plaintiff raise the issue during the trial so that it may be presented to the jury.

*Motion for rehearing denied.*