**POULTRY HEALTH SERVICE OF GEORGIA, INC., Plaintiff,**

v.

**David MOXLEY, Defendant.**

**Civ. A. No. CV480–059.**

United States District Court,
S. D. Georgia,
Savannah Division.

April 27, 1982.

Gerald M. Edenfield, Allen, Brown, Wright & Edenfield, Statesboro, Ga., Bouhan, Williams & Levy, Savannah, Ga., for plaintiff.

Van Cheney, Reidsville, Ga., for defendant.

## ORDER

BOWEN, District Judge.

In this diversity action, plaintiff seeks to collect an indebtedness owed by the defendant incurred by the defendant's purchase of chicken raising equipment from plaintiff. Defendant refused to pay for the equipment, alleging it was improperly and untimely installed by the plaintiff in breach of the purchase agreement. Defendant further alleged that the plaintiff's actions caused him to suffer loss of income and incur additional expenses. Defendant has counterclaimed for these damages. Specifically, defendant alleges lost revenues in the amounts of $8,500.00, caused by the two and one-half month delay of the plaintiff in completing the installation, and $35,000.00 arising from the missing of five growing cycles due to the problems with the equipment. Defendant also seeks $2,500.00 for additional labor and repair costs resulting from the plaintiff's breach, as well as $3,000.00 representing the cost of removing the equipment from the chicken houses. Finally, defendant seeks to recover the storage costs of the equipment. Presently before the Court is the plaintiff's motion for summary judgment on the damage issues raised in the defendant's counterclaim.

On the question of lost profits, the plaintiff asserts that the defendant is not entitled, as a matter of law, to recovery. Under Georgia law, applicable in this diversity action, the general rule is that where the profits of a new or established business

venture are too uncertain and speculative to be reasonably determined, they are not recoverable. *Radlo of Georgia v. Little*, 129 Ga.App. 530, 534, 199 S.E.2d 835 (1973); *Molley Pitcher Canning Co. v. Central of Georgia Railway Co.*, 149 Ga.App. 5, 10, 253 S.E.2d 392 (1979). The rationale behind this principle is profits are dependent upon too many fortuitous and variable factors and hazards to permit a reasonable ascertainment in determining damages. There, however, exists an exception to the general rule. If the type of business and history of profits make the calculation of profits reasonably determinable, evidence on this issue can be presented. *Claxton Poultry Co. v. City of Claxton*, 155 Ga.App. 308, 313, 271 S.E.2d 227 (1980); *Molly Pitcher Canning Co. v. Central of Georgia Railway Co.*, 149 Ga.App. 5, 11, 253 S.E.2d 392 (1979).

█ Reviewing the record in this case, and taking the facts in a light most favorable to the defendant, *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026 (5th Cir., 1982), it appears that the defendant's claim for lost profits is not so reasonably ascertainable as to raise an issue for trial. It is undisputed that the defendant did not have any prior experience or training in the business of raising chickens. The defendant's incipient business venture had no history of profits. Furthermore, defendant, in his deposition of September 16, 1981, at page 29, stated that the expenses associated with raising chickens varied from cycle to cycle, depending upon factors such as the time of year and the weather. Without being able to provide a reasonable estimate of expenses, it follows that a calculation of profits to a reasonably certain degree is not possible, thereby precluding recovery. *See Bennett v. Smith*, 245 Ga. 725, 267 S.E.2d 19 (1980). Although the defendant completed one growth cycle with the plaintiff's equipment, this was still at a time when the equipment was allegedly working improperly. Any guidance as to profits gleaned from this experience would be tainted and could not aid in the reasonable ascertainment of the amount of lost profits. The

unsuitability of this growth cycle's history in calculating profits is made more palpable by the defendant's apparent reliance on subsequent growth cycle earning records in determining his losses for the missed cycles. Accordingly, as defendant's claim of lost profits, under Count I and, in part, Count III of his counterclaim, is too speculative and conjectural, summary judgment on this issue is proper.

Plaintiff seeks in the second portion of its motion summary judgment on the issue of expenses sought by the defendant in Counts 2 and 3 of his counterclaim. Plaintiff reasons that defendant rescinded the contract between them and is, therefore, barred from pursuing those damages allegedly caused by the purported breach of warranty. The rescission is evinced by defendant's sale of part of the equipment.

█ Although an action for damages for a breach of warranty cannot be maintained if the contract containing the warranty is rescinded, *Allen Housemovers v. Allen*, 135 Ga.App. 837, 840, 219 S.E.2d 489 (1975), the circumstances of this case, as gleaned from the record, show the defendant is permitted under the Uniform Commercial Code, Ga. Code Ann. § 109A–2 *et seq.*, to seek recovery of these expenses.

The UCC groups the types of remedies available to a buyer for a breach according to the action taken by the buyer with respect to the breach. The UCC categorizes the remedies into two classes: those afforded a buyer who rejects the goods or revokes his acceptance of them, and those provided to the buyer for a breach of accepted goods. 67 Am.Jur.2d *Sales* § 722 (1973). Both categories of remedies permit the recovery of expenses in the form of incidental and consequential damages provided by Ga.Code Ann. § 109A–2–715. Ga.Code Ann. §§ 109A–2–711, 712(2), 714(3).

█ Looking to the particular conduct in this case, it appears that the defendant, at most, revoked his acceptance of the equipment. The plaintiff asserts that the defendant's behavior constituted a rescission of the contract, pointing out that he

sold part of the equipment. Under Ga.Code Ann. § 109A–2–711, revocation of acceptance does not constitute a cancellation of a contract. Cancellation is merely a remedy for the revoking buyer and not an unavoidable result of revocation. Furthermore, even if cancellation does occur, unless it is done with a waiver of rights, a claim for damages is not necessarily barred. Ga.Code Ann. § 109A–2–720; *See,* 67 Am.Jur.2d *Sales* § 516 (1973). Of course, any question of cancellation with a waiver of rights that may be raised in this action is one for the jury to determine.

 With respect to the defendant's sale of the equipment, this remedy is expressly permitted by section 109A–2–711(3) of the UCC. Again, this activity does not give rise to a cancellation. It is merely a procedure whereby a revoking buyer may recover his expenses resulting from his handling of the defective goods such as removal and storage. Under section 109A–2–711(1)(a), the aggrieved buyer may substitute other goods for the questioned ones. When the buyer chooses to "cover," he is also entitled to recover incidental and consequential damages. Ga.Code Ann. § 109A–2–712(2). Labor and repair expenses are properly recoverable as incidental and consequential damages. Ga.Code Ann. § 109A–2–715; *see Southern Concrete Products Co. v. Martin,* 126 Ga.App. 534, 191 S.E.2d 314 (1972). This conclusion is also supported by the principle that the law is a respecter of property and should encourage its preservation. Accordingly, the buyer who attempts to remedy a defect through repair as opposed to outright rejection and replacement should not be penalized by denying him the opportunity to recover his reasonable repair costs made in good faith. A policy of this sort supports and fosters not only the efficient allocation of resources but provides an alternative to the more burdensome and disruptive task of replacing goods that are found to be defective in some manner, an event that would frequently occur if reimbursement for repairs were not accorded to the buyer as a claim against the seller.

As the provisions of the UCC permit the recovery, by a revoking buyer, of expenses arising at a breach of warranty, and a question exists as to whether the defendant merely revoked his acceptance or cancelled the contract with a waiver of rights, the plaintiff is not entitled to summary judgment on the issue of expenses.

Accordingly, the plaintiff's motion for summary judgment is GRANTED IN PART and DENIED IN PART.