CALLAWAY FARMS INCORPORATED *v.* PIEDMONT AGRICULTURAL CREDIT CORPORATION *et al.*

No. 9242. SEPTEMBER 13, 1933.

*S. C. Upson, Little, Powell, Reid & Goldstein,* and *James H. Therrell,* for plaintiff.

*Boykin & Boykin, Frank C. Tindall, Green & Michael, Colquitt Carter, Erwin, Erwin & Nix,* and *Alston, Alston, Foster & Moise,* for defendant.

BECK, P. J.   Callaway Farms Incorporated brought suit against Piedmont Agricultural Credit Corporation, First National Bank of Atlanta, National Bank of Athens, Growers Finance Corporation, E. B. Conwell, and Green & Michael, seeking specific performance of a certain contract for a loan of money alleged to have been entered into between Callaway Farms and Piedmont Agricultural Credit Corporation, and a decree adjudicating that as to the defendants National Bank of Athens and Growers Finance Corporation certain options to purchase property had been executed and performed through the defendants, Green & Michael. The petition alleged that Callaway Farms Inc. was engaged in the business of farming; that, prior to entering into the contract for loan of money with Piedmont Agricultural Credit Corporation, it had options to purchase from the National Bank of Athens certain land, and from the Growers Finance Corporation twenty-six mules; that the purpose of applying to the Piedmont Corporation for the loan was to secure funds for the operation of its farms, including the purchase under the options referred to above; that after Callaway Farms had procured its loan from defendant, which it was understood was to be discounted with Federal Intermediate Credit Bank of Columbia, S. C., it was agreed between the parties that the Piedmont Corporation, by paying a certain amount of money to Green & Michael, acting as escrow agents in the handling of the options with Growers Finance Corporation and National Bank of Athens, should pay from the proceeds of the loan an amount of money sufficient to take up the options and at the same time transfer title to the property to Piedmont Agricultural Credit Corporation, as security for the loan; and that the options were taken up by the Piedmont Corporation procuring a cashier's check from the Citizens & Southern National Bank, which was in turn paid to Green & Michael, who drew their separate checks to National Bank of Athens and Growers Finance Corporation. Subsequently the Piedmont Corporation refused to pay the balance of the loan to Callaway Farms, and attempted to stop payment on the check it had issued

to take up the options. The suit also sought recovery of certain damages against the Piedmont Agricultural Credit Corporation, on account of the alleged breach of its contract, and sought against the First National Bank of Atlanta special judgment against certain funds claimed to be the proceeds of said loan, and an order restraining the defendants from changing the status of the loan or the deeds or bills of sale.

The judge granted a temporary restraining order. The defendants filed their demurrers and answers; and the case was referred to an auditor to pass upon all issues of law and fact. The auditor overruled the demurrers. He found that the plaintiff would be entitled to the relief sought in the petition in respect to the performance of the loan contract, except for the conclusion reached that the plaintiff and the defendant were in pari delicto in regard to the discount with the Federal Intermediate Credit Bank of the note from the plaintiff to the Piedmont Agricultural Credit Corporation. The auditor further found that equities had arisen in favor of other defendants, and that the contracts of purchase by the plaintiff from the National Bank of Athens and Growers Finance Corporation had been performed and completed, and that the Citizens & Southern National Bank should recover of the loan funds on deposit with the First National Bank of Atlanta the sum of twenty-six hundred and odd dollars, representing the amount paid in taking up the options, and that the Piedmont Agricultural Credit Corporation should recover from the plaintiff the same amount, with a lien in its favor for that amount on the same property which plaintiff, by its deeds and bill of sale, conveyed to defendant as security for the loan which was the subject-matter of the suit. The plaintiff filed a motion to recommit the auditor's report, and filed exceptions of law and fact to the auditor's report. The judge overruled the motion to recommit, overruled all of the exceptions of law and fact, and entered a decree in accordance with the findings of the auditor. To this judgment the plaintiff excepted.

The findings of fact by the auditor were forty in number. Only two of these were excepted to. Finding No. 38 is as follows: "While Callaway Farms Inc., through its witness, Robert Callaway, gives some estimate of relative and probable yields, possible costs of production and possible prices, these estimates are not suf-

ficient to justify a determination of what, if any amount, would be lost." And finding No. 40, is in this language: "Callaway Farms Inc., through its witness, Robert Callaway, showed possible production of cotton, some of the costs of production, and an estimated amount of yield and receipts from such yield. These estimates are not sufficient to justify a determination of what, if any amount, would be lost." We are of the opinion that both of these findings were authorized under the evidence and the law applicable in such cases. The auditor, in a statement preliminary to his conclusions of law, cited several cases, among them *Prince* v. *Evans*, 23 *Ga. App.* 660 (99 S. E. 132). In view of the evidence involved in that case and the cases there cited, the conclusions reached by the auditor in this case were authorized, and the judge did not err in overruling the exceptions to the findings of fact.

There were five exceptions to the auditor's conclusions of law. These also were overruled by the judge. After an examination of these exceptions, it does not appear that the judge, in view of the evidence and the law applicable, erred in overruling these exceptions. Nor did the judge err, under the facts in the case and the findings of the auditor, in refusing to recommit the case to the auditor for another hearing.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*