## John W. York, et al. v. Hogg, et al.

## Hogg v. Stephen York, et al.

(Decided October 19, 1916.)

### Appeals from Perry Circuit Court.

1. Appeal and Error—Finding of Chancellor—Evidence—Sufficiency. —In an action by plaintiffs who were in litigation with an adjoining land owner respecting the true location of the dividing line, to recover of the party who had purchased plaintiffs' timber and also the timber on the land in dispute from the adjoining land owner the value of certain trees cut and removed by him from the land in dispute, which was afterwards adjudged to be the property of plaintiffs, together with damages growing out of its removal, evidence examined and held to sustain a finding of the chancellor that plaintiffs represented to the purchaser that the timber on the disputed land was included in the sale which they made to him, and that they assured him that they would not claim any such timber from him and his associates, even if they were successful in their litigation with the adjoining land owner, and that the purchaser purchased and paid for plaintiffs' timber, believing in good faith that he was getting all of their title to the land in dispute, and that he would not have made the purchase and paid for the lumber if he had not been led by plaintiffs to believe and acted upon the belief that he was getting a good title to all the timber described in the deed from plaintiffs to him and in the deed from the adjoining land owner to him.

2. Estoppel.—A vendor of timber, who is in litigation with an adjoining land owner respecting the true location of their dividing line, is estopped to claim of the purchaser of his timber and of the timber of the adjoining land owner the value of timber cut and removed by the purchaser from the land in dispute, where, by his conduct and representations, he induces the purchaser to believe and to act on the belief that he is getting title to the dis-

puted timber, both from him and the adjoining land owner, and that he will not claim any of the timber from the purchaser even if successful in the litigation with the adjoining land owner.

3.  Trespass—Adjoining Land Owner—Sale of Timber by—Liability. —One who neither cuts nor removes the timber from, nor commits any trespass upon, the land of an adjoining land owner, but merely sells the timber thereon to another, who alone cuts and removes it, and against whom the adjoining land owner is estopped to claim damages, is not liable to the adjoining land owner in an action of trespass for the value of the timber so removed and for damages growing out of its removal.

HOGG & JOHNSON, HAZELRIGG & HAZELRIGG, MILLER & WHEELER and C. H. MORRIS for appellants.

FAULKNER & FAULKNER and A. T. W. MANNING for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on the appeal of John W. York and others and reversing on the appeal of E. E. Hogg.

These two appeals are prosecuted on the same record and will be considered in one opinion.

The suit was brought by John W. York, Stephen York and J. S. York against E. E. Hogg, D. L. Walker, I. S. Manning, James H. White, Bauer Cooperage Company, A. M. Gross, John Gross and S. J. Burns, to recover the value of certain timber which it is alleged the defendants, through their agents and servants, unlawfully cut and removed from the lands of the plaintiffs, together with damages growing out of its removal. In addition to a denial of the allegations of the petition, the defendants interposed a plea of estoppel. On final hearing there was a finding in favor of all of the defendants except E. E. Hogg, against whom a judgment for $750.00 was rendered. From the judgment against him Hogg appeals, and from the judgment in favor of the other defendants plaintiffs appeal.

It appears that plaintiffs were the owners of a tract of about two thousand acres of land, lying on Otter Creek in Perry County and adjoining the lands of E. E. Hogg. On September 6th, 1906, plaintiffs entered into a written contract with the defendant, D. L. Walker, acting for himself and others, by which they agreed to sell and convey to Walker certain timber on these lands for the sum of $4,200.00, which was to be used in discharging a mortgage covering the land. Walker was

to have thirty days within which to decide if there was sufficient timber on the land to justify payment of the purchase price. If the timber was insufficient, the contract was to be null and void; otherwise it was to remain in full force and effect. On September 10th, 1906, Walker purchased from Hogg all the timber of certain dimensions on Hogg's land, Walker to have fifteen days within which to determine whether or not he would exercise the option and accept the timber. The sale was afterwards consummated and the purchase price of $4,000.00 paid. On October 11th, 1906, plaintiffs, in consideration of $4,432.00, conveyed to D. L. Walker, I. S. Manning and James H. White certain specified timber on the tract of land described in the deed, the deed embracing timber of other dimensions than those fixed by the contract. At this time plaintiffs and Hogg were in litigation respecting the true location of the line dividing their property. The suit pended for a number of years and was decided below in favor of Hogg. On appeal to this court the contention of the Yorks was upheld and the case remanded with directions to enter judgment in their favor. York, et al. v. Hogg, 142 Ky. 704. After the purchase of the timber, Walker and his associates sold the large white oak timber on all the lands, including the land in dispute, to the Bauer Cooperage Company, which company cut and removed the timber within a year or two from September 6th, 1906. Later on, Walker and his associates sold the remainder of the timber to Gross and Burns. This suit is to recover the value of the timber removed from the disputed land and damages for its removal.

We shall first consider the propriety of that part of the judgment holding the defendants, other than E. E. Hogg, not liable. The evidence for Walker and his associates tends to establish the following facts: The land of the Yorks was covered by a mortgage for $4,200.00. Suit to foreclose the land was about to be instituted. The Yorks were anxious to sell. Walker, who was not acquainted with the land, went with one of the Yorks to the land, and the boundary of the land, as pointed out by one of the Yorks, included the land in dispute. Walker then agreed to pay the amount of the mortgage or a lump sum for the timber of certain specified dimensions. He had thirty days within which to perfect the purchase. Desiring other timber, he approached Hogg

with a view of buying the timber on Hogg's land. He showed Hogg the contract. Hogg spoke of the suit between him and the Yorks and said that he would not sell at all unless the sale included the timber on the disputed land. Walker then reported to the Yorks what he had learned and told them fully of the situation. He then told the Yorks that he did not want to buy a law suit and that he would not take the timber unless the timber on the disputed land was included in the sale. The Yorks assured him that it was and that he and his associates would not be held responsible for any timber taken off the land in dispute. With this understanding, Walker completed the purchase. If the deed did not cover the land in dispute, it was due to the mutual mistake of the parties, or to the fraud of the Yorks, who dictated to Walker the description contained in the deed. Other timber was included in the deed, because the mortgage amounted to $4,432.00 instead of $4,200.00. Thereafter the work of cutting and removing the timber was begun. One of the Yorks assisted in this work and the others, who lived in the vicinity, knew that the timber was being removed from the disputed land as well as from the other land. No protest of any kind was made to Walker and his associates. On the contrary, the Yorks assured them that they would not be held liable. After this suit was brought one of the Yorks admitted, on two or three different occasions and before three or four witnesses, that the contract of sale covered the disputed land and that they had no claim against Walker for timber removed from the disputed land. On the other hand, the Yorks denied having pointed out the boundary of the land sold as including the land in dispute. They further say that they told Walker that they were in litigation with Hogg and would not sell the timber on the land in dispute, and that this statement was made at the time the deed was executed. Stephen York also denies that he made any statements to the effect that he would not hold Walker and his associates liable in case they won the disputed land from Hogg.

In view of the fact that the record is very voluminous and the witnesses testified at length to numerous circumstances tending to uphold the respective contentions of the parties, we deem it unnecessary to set out the evidence in detail. The substance of the testimony is covered by the foregoing statement. Upon this showing

the chancellor held that whether the plaintiffs actually sold the timber on the disputed land to Walker and his associates or not, they represented to Walker that such timber was included in the sale, and, as an inducement to the completion of the sale, assured him that they would not claim any such timber from Walker and his associates, even if they were successful in their litigation with Hogg; that Walker purchased plaintiff's timber and paid for same, believing in good faith that he was getting all of their title to the timber on the land in dispute; that he would not have made the purchase and paid for the timber if he had not been led by the plaintiffs to believe and act upon the belief that he was getting a good title to all the timber described in the deed from plaintiffs to him and in the deed from Hogg to him. Having this view of the case, the chancellor adjudged that plaintiffs were estopped to recover of Walker and his associates. Upon the disputed questions of fact the evidence is very conflicting, and the case turns on the credibility of the witnesses. Viewing the matter from the standpoint of the chancellor's fitness and opportunity to pass on this question, and considering the case in the light of the conduct of the parties, which is very persuasive of the correctness of the chancellor's conclusion, we see no reason to disturb the chancellor's finding of fact. And, clearly, if his finding of fact is correct, his finding of law follows as a necessary consequence. Having, by their conduct and representations, induced Walker and his associates to believe and to act on the belief that they were acquiring title to all of the timber on the disputed land, and that they would not make any claim to the timber even if they were successful in their litigation with Hogg, they will not now be permitted to assert the contrary to the prejudice of Walker and his associates and recover any portion of the value of the timber on the disputed land. 16 Cyc. 722; Kirk v. Hamilton, 102 U. S. 68, 26 L. Ed. 79.

The next question to be determined is the liability of E. E. Hogg. The Yorks contend that, even if estopped to claim the value of the timber from Walker and his associates, they did not do or say anything to cause Hogg to act to his prejudice, and that the plea of estoppel is not available in his behalf. Passing this question, we conclude that there is another ground on which the nonliability of Hogg in this action may be predicated. After

setting out plaintiff's ownership of the land from which the timber was removed, the petition charges in substance that the defendants Hogg, Walker, Manning and others, by themselves, hired hands, agents and employes, unlawfully, wrongfully and without right, and against the will of the plaintiffs, entered upon said land and cut, felled, and removed 1394 valuable white oak and other trees standing thereon. The petition asks judgment for the value of the timber so removed and for $1,000.00 damages to plaintiff's land and other timber, caused by the removal of the trees referred to. In other words, the whole action sounds in tort. The record fails to show that Hogg, or any agent or employe of his, ever entered upon or cut or removed any of the timber from the disputed land. All the alleged trespasses were committed by Walker and his associates and their vendees. All that Hogg ever did was to sell the timber to Walker and his associates. If his title proved defective and Walker and his associates were deprived of any of the timber sold by him, they might have a cause of action against Hogg arising solely out of the contract of sale and the deed made pursuant thereto. So far as plaintiffs are concerned, however, Hogg cannot be held liable in an action of trespass for torts not committed by him, but committed solely by others against whom plaintiffs were estopped to claim damages.

On the appeal of the Yorks the judgment is affirmed; on the appeal of Hogg the judgment is reversed and the cause remanded, with directions to enter judgment in his favor.