J. S. WILLIAMS AND J. J. BORDEN, EXECUTORS, v. CAPE FEAR
LUMBER COMPANY.

(Filed 25 October, 1916.)

1. Deeds and Conveyances—Timber—Realty—Title.

A valid conveyance of trees standing and growing upon lands can be
made for the purpose of cutting and removing them therefrom within
a fixed time; and until so cut the trees are to be considered realty. The
title to those not cut within the time fixed by the deed reverts to the
grantor, and does not pass by the deed.

2. Same — Grantee — Description — Trespass — Damages — Participation —
Waiver.

Where a purchaser has acquired by deed the timber, of a certain size,
standing upon lands, which he may cut and remove in a stated period
of time, and has his deeds recorded, and·thereafter conveys to another
the timber owned by him on the lands, and refers for description to his
own deeds, his grantee can acquire no further right to the trees than
he has acquired under his own deed; and he is not responsible for dam-
ages caused by his grantee in entering upon the lands and cutting trees
of less size than those conveyed, etc., unless he has in some way partici-
pated therein or knowingly received a part of the profits from the tres-
pass, or in some recognized way ratified the act.

3. Deeds and Conveyances—Timber—Consideration—Payment—Future Ascer-
tainment.

It is not necessary to a valid conveyance of timber standing or growing
upon lands that a certain sum be fixed for the total purchase price to be
paid, or that it be paid in whole or in part at the time of the conveyance,
or notes for the purchase price should then be given; for it is sufficient
if the price can readily and definitely be ascertained in the future by
some fixed statement, as where the consideration for the deed is specified
to be "$2 per thousand feet, log measure."

4. Deeds and Conveyances—Timber—Second Conveyances—Trespass—Trials
—Instructions—Ratification.

Where the purchaser of standing timber upon lands, who· has acquired
the same under the usual form of deed, requiring it to be cut and re-
moved within a stated period, specifying the size, has conveyed his right
therein to another, and he  is sued for damages for trespass committed
by his grantee in going upon the lands and cutting and removing the
timber of less size than that conveyed, it is reversible error for the trial
judge to charge the jury that if the defendant's grantee, through its agents
and servants, committed the trespass alleged, and paid the defendant rent
for the undersized trees, the defendant would be liable, there being no
evidence or contention that the defendant received any part of the money
for the undersized trees knowingly or had participated in the acts of tres-
pass, or had given some authority apart from the deed for the unauthor-
ized act, or had ratified it.

HOKE, J., concurs in the result.

CIVIL ACTION tried at March Term, 1916, of DUPLIN, before *Allen, J.*

The action was brought to recover damages for cutting timber on plaintiff's land and removing it therefrom. The defendant, a corporation of Norfolk, Va., on 26 May, 1911, "granted and sold" to the Camp Manufacturing Company, a corporation of Isle of Wight County, Va., the standing timber, "owned by said Cape Fear Lumber Company," on a large body of land in Duplin County. The Cape Fear Lumber Company had previously bought from other parties, including the plaintiffs, certain logging rights, and the standing timber on the same land, "measuring 10 inches and upwards in diameter at the base, when cut," and it was this timber that it owned at the date of its conveyance to the other company. The Camp Manufacturing Company entered upon the land, and plaintiffs allege and offered proof to show that while it cut timber within the description of its deed, it also cut many trees on their land which were not conveyed by the deed to it from the Cape Fear Lumber Company, and were not owned by said company, but by the plaintiffs; and for this cutting, and for burning some of the trees and other things on the land, the action was brought. The deed from the Cape Fear Lumber Company to the Camp Manufacturing Company shows an absolute sale and conveyance of the trees owned by the former company at the date of the deed, as will appear by this extract taken therefrom: "In consideration of the sum of $2 per thousand feet, log measure, to be paid as is hereinafter set forth, the said Cape Fear Lumber Company hereby grants and sells to the said Camp Manufacturing Company, its assigns or successors, all of the standing timber owned by said Cape Fear Lumber Company in Duplin County, North Carolina, on tracts of land described in the following deeds, all of which deeds are recorded in the office of the register of deeds for Duplin County, North Carolina." Then follows a detailed list of the deeds referred to for a more particular description of the timber and land. The deed contains clauses for ascertaining the price to be paid and the payment thereof, as the timber should be actually cut and removed from the land, and directed that the money should be paid the Atlantic Trust and Banking Company of Wilmington, N. C., trustee for the Cape Fear Lumber Company, in accordance with the terms of the deed creating said trust. Then follows this clause: "The Cape Fear Lumber Company shall, at its own expense, defend all suits that may be brought against the Camp Manufacturing Company by reason of its cutting and removing, or attempting to cut and remove, any portion of the said timber, or going upon the land upon which same is located to cut and remove the same or any part of the timber herein sold, and shall pay whatever judgments may be rendered against said Camp Manufacturing Company in the said suits, if any there be."

The court charged the jury that if the Cape Fear Lumber Company authorized the Camp Manufacturing Company to enter upon the land and cut and remove timber and trees, paying the Cape Fear Lumber Company $2 per thousand feet as stumpage for said trees as were so cut and removed, and the Camp Manufacturing Company sent its agents and servants upon the land in March, 1911, and between that month and September of the same year, and they did cut and remove the merchantable timber thereon, and paid the Cape Fear Lumber Company $2 per thousand feet therefor, and that in cutting and removing timber they included trees not 10 inches at the stump or upwards when cut, and paid rent for said trees so cut, and under size, to the Cape Fear Lumber Company, said trees not being necessary for the purpose of building and constructing roads, tramroads, etc. (as described in the deeds of plaintiff to defendant), the jury should answer "Yes" to the first issue, which was as follows: "Did defendant Cape Fear Lumber Company wrongfully cut and remove timber and trees of plaintiff's testator, R. J. Williams, as alleged? Answer: Yes." Defendant excepted to the giving of this instruction.

The defendant requested the court to give this instruction to the jury: "The defendant Cape Fear Lumber Company contends that under the contract with the Camp Manufacturing Company it granted and sold unto the said Camp Manufacturing Company only such timber as was 10 inches and upward in diameter on 30 March, 1892; and that if the said Camp Manufacturing Company cut any timber upon said lands that was under this size on 30 March, 1892, said acts and conduct were without authority and were the wrongful acts of the Camp Manufacturing Company and its servants, for which the Cape Fear Lumber Company is not liable; and the court instructs you that if you find from the evidence that the Cape Fear Lumber Company contracted for the sale of certain standing timber, described in the deed referred to in the contract, of certain dimensions therein specified, at the price of $2 per thousand feet; that the Cape Fear Lumber Company was to defend all suits that might be brought against the Camp Manufacturing Company by reason of its cutting or attempting to cut and remove any portion of the timber described in said deed and contract, to wit, such timber as was then 10 inches and upward in diameter on 30 March, 1892, and that the Cape Fear Lumber Company reserved no control or supervision of the work or agents, agencies, or instrumentalities to be used in the cutting and removing of said timber under said contract, and that it was interested only in the payment of the purchase price of the timber under the contract, then the court instructs you that the defendant Cape Fear Lumber Company is not liable for any acts done

by the Camp Manufacturing Company, and the jury will answer the first, third, fifth, and seventh issues 'No.'" The court refused to give the instruction, and defendant excepted. The jury rendered a verdict against appellant for a large sum, and, after assigning errors, it appealed.

*H. D. Williams, A. D. Ward, and W. F. Ward for plaintiffs.*
*Stevens & Beasley, Langston, Allen & Taylor for defendants.*

WALKER, J., after stating the facts: This Court has held that trees growing upon land can be conveyed for the purpose of being cut and removed therefrom within a fixed time; that they are to be considered as realty, and that the title to such of them as are not cut within the prescribed time remains in the grantor, and does not pass by the deed. *Bunch v. Lumber Co.,* 134 N. C., 116; *Hawkins v. Lumber Co.,* 139 N. C., 160; *Lumber Co. v. Corey,* 140 N. C., 462; *Midyette v. Grubbs,* 145 N. C., 85; *Timber Co. v. Wilson,* 151 N. C., 154.

In the *Bunch case* we quoted with approval the doctrine as stated in *Strasson v. Montgomery,* 32 Wis., 52, as follows: "The conveyance is of all the trees and timber on the premises, with the proviso that the vendee should take the same off the land within four years. It is well settled, on principle and by authority, that the legal effect of the instrument is that the vendor thereby conveyed to the vendee all of the trees and timber on the premises which the vendee should remove therefrom within the prescribed time, and that such as remained thereon after that time should belong to the vendor or to his grantee of the premises."

So in *Hawkins v. Lumber Co., supra,* we held, in regard to the same matter: "It is an established principle in this State that growing timber is a part of the realty, and deeds and contracts concerning it are governed by the laws applicable to that kind of property. The true construction of this instrument now before the Court is that the same conveys a present estate of absolute ownership in the timber, defeasible as to all timber not removed within the time required by the terms of the deed. A construction substantially similar has been placed on such deeds in the larger timber-growing States where contracts of this character are not infrequent," citing several cases for the position.

Under these authorities, the legal effect of the deed from the appellant to the Camp Manufacturing Company is that it conveys only the trees that were cut by the latter, and those not cut within the time fixed by the deed belonged to the grantor; and, further, that the deed conveyed only such trees as are described in it, that is, those then owned by the appellant and of the prescribed dimension. This instrument

.itself, in form and substance, evidences only a sale of the trees, and that is the legal designation of the contract. It does not, on its face, purport to do anything but convey the trees to the grantee, or so many of a given dimension as are thereafter cut within the prescribed time. It was not necessary that the price should be paid down in cash, or that notes should be given for it. It could not then be ascertained definitely what it would be, and not until it was known how many of the trees would be cut. This did not change the character of the transaction as a sale, for that is certain which can be made certain by reference to something else. "The price may be left to be fixed in such manner as may be agreed upon in the contract of sale, as by the market price of the commodity at a certain time and place or by any other method by which it can be determined with reasonable certainty. So the price may by agreement be left to be fixed in accordance with a valuation of the goods to be subsequently made by some third person." The Camp Manufacturing Company was, therefore, not authorized by the deed to cut any other trees. The instruction of the court, when considered in connection with what precedes it, and the reference in the instruction to trees under a certain dimension, which is mentioned in the deed, being cut by the Camp Manufacturing Company, shows that it had reference to the authority, given to said company by the deed, to cut trees, and as thus treated, it was too broad. The Camp Manufacturing Company could cut, under the terms of the deed, only such trees as are described therein, and if it cut other trees the appellant would not be liable therefor, unless it gave some authority, apart from the deed, to do the act. Its authority given by the deed to cut trees of a certain dimension did not, of course, extend to trees not of that kind, and the Camp Manufacturing Company would be liable alone for the trespass if it did cut other trees, in the absence of any proof showing that the appellant participated in the cutting or was in some way connected with it. "It is the general rule that one who counsels, advises, abets, or assists in the commission by another of an actionable wrong is responsible to the injured party for the entire loss or damage. But mere knowledge that a tort is being committed against another will not be sufficient to establish liability. There exists no legal duty to disclose. Nor will the mere presence of a person at the commission of a trespass or other wrongful act by another render him liable as a participant. It is also well settled that the liability of one who has not actively participated may be established where the wrongful act is ratified by him. But mere acquiescence in the commission of a tort after the act does not make the person thus acquiescing a party to the wrong or liable therefor as a joint tort-feasor, since, to be liable, he must not only have

assented to the wrong, but the act must have been done for his benefit
or have been of a nature to benefit him. Ratification will not be estab-
lished from mere knowledge, approval, or satisfaction. It has been
said that 'To hold one responsible for a tort not committed by his orders,
his adoption of and assent to the same must at all events be clear and
explicit, and founded on a clear knowledge of the tort which has been
committed.' The ratification must be founded on full knowledge of the
facts constituting the wrong which has been committed or a purpose
without inquiry to take the consequences." 38 Cyc., 485 and 486. The
Camp Manufacturing Company was authorized by the deed to enter
upon the land and cut and remove trees, but not trees which did not
come within the description of the deed; and for this reason the instruc-
tion was calculated to mislead the jury as to the law and the nature of
the appellant's liability for the trespass of the Camp Manufacturing
Company, if there was any liability on its part. The instruction, as
we have said, manifestly referred to an entry upon the lands under
the deed, to cut timber, and this extended the appellant's liability
for the excessive acts of the other company beyond its legitimate scope.
The acceptance of rent, without any knowledge of the source from
which it came, or for what it was given, would not create liability for
the tort or trespass of the Camp Manufacturing Company, as we have
seen by the above reference to 38 Cyc:, p. 486. The receipt of the
money must be such as would amount to a ratification of the trespass,
or, under some circumstances, it might be evidence of a participation
therein. The instruction requested by the appellant is correct in prin-
ciple, and should have been given, unless it has been extended to too
many of the issues. We do not see now how it affects the seventh issue.
If the appellant did nothing more than convey the trees he then owned
of a certain kind and dimension, and merely received the price therefor,
we do not see how it can be liable for the trespass of the Camp Manu-
facturing Company in cutting trees not described in the deed. If A.
conveys to B. a certain tract of land, he is not liable to C. because B.
takes possession not only of the tract conveyed to him by A., but also of
an adjoining tract belonging to C. In that case B. has simply done
something not authorized by A. to be done. Plaintiff may be able to
show that, under all the facts and circumstances of the case, the jury
should find that there was concert of action between the companies or
that the appellant did so act as to authorize the trespass, and if it did
not do so originally, it has since so acted as to ratify or indorse it.

It may be that the facts of the case are such as to make the Camp
Manufacturing Company a proper party to this action, especially if it
will be contended that the two corporations are really one and the same;

but we leave this matter for the consideration of counsel, without any suggestion from us as to the course that should be taken.

There was error in the instruction given by the court, which requires that a new trial should be had.

New trial.

HOKE, J., concurs in result.