## FORDSON COAL CO. v. KENTUCKY RIVER COAL CORPORATION et al.

### No. 6372.

Circuit Court of Appeals, Sixth Circuit.

Feb. 16, 1934.

Cleon K. Calvert, of Pineville, Ky., for appellant.

P. T. Wheeler, of Hazard, Ky. (Jesse Morgan and J. E. Johnson, both of Hazard, Ky., and Astor Hogg, of Whitesburg, Ky., on the brief), for appellees.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The suit below, in which the appellant was plaintiff, was begun at law as an action for damages on an implied contract for the value of staves made from timber wrongfully cut from the plaintiff's land, the tort being waived. The plaintiff having contemporaneously filed a bill in equity against the Kentucky River Coal Corporation, one of the defendants, to restrain the cutting of timber upon the plaintiff's land, the law case was by agreement transferred to the equity docket, the two cases consolidated for trial, and decided upon separate findings of fact and conclusions of law. The original equity case resolved itself into a suit to quiet title. Presumably the decree was that the land belonged to the plaintiff, and from it there has been no appeal. The damage suit was disposed of by judgment in favor of the defendants, as upon a case at law submitted to the court without a jury. The judgment recites a written waiver of jury, though no such waiver appears in the record or order retransferring the case to the law side of the court. It is from this judgment that the plaintiff appeals, and since no objection is made to the regularity of the proceedings, we review the case as presented by the record.

The suit below was begun in 1929. Prior thereto the Kentucky River Coal Corporation, claiming ownership to the land, had conveyed certain timber thereon by deed to K. F. Daniel and Tester Gibson. Later Daniel and Gibson sold the timber to Hogg. The sale to Hogg was by parol, accompanied by a delivery of the original deed from the Kentucky River Coal Corporation. Hogg entered upon the land, cut trees thereon, converted them into staves, and conveyed the staves a distance of five miles to a railroad,

where they were loaded into cars and shipped to Yerkes, Ky. Neither the Kentucky River Coal Corporation, its agents or employees, nor Daniel nor Gibson, cut timber on the land or removed the staves. The plaintiff claimed as damages the value of the staves at Yerkes, and sought recovery against Hogg, the Kentucky River Coal Corporation, and its vendees.

 The first question to be considered is whether there is any liability on the part of the Kentucky River Coal Corporation, or its immediate grantee, Gibson, by reason of the subsequent trespass and conversion by Hogg. Daniel is now dead, and the suit has abated as to him. It is clear that under the law of Kentucky one who neither cuts nor removes timber from, nor commits any trespass upon, the land of an adjoining landowner, but merely sells the timber thereon to another, who alone cuts and removes it, is not liable to the adjoining landowner in an action of trespass for the value of the timber so removed, and for damages growing out of its removal. York v. Hogg, 171 Ky. 599, 603, 188 S. W. 663; Kentucky Harlan Coal Co. v. Harlan Gas Coal Co., 245 Ky. 234, 244, 53 S.W. (2d) 538. It was held in both of these cases that there is no relation of principal and agent, or privity of interest, between vendor and vendee; that the vendor's liability arises only out of his contract of sale, and the deed made pursuant thereto, and such liability is not susceptible to the construction that the vendor authorized, advised, encouraged, incited, or procured the commission of the trespass, though a lessor who vests the right or privilege in a lessee to cut timber on land covered by his lease, reserving royalty to himself, may occupy a different position in relation to a trespass committed by the lessee. While the Kentucky cases may not be controlling, they are highly persuasive, and where, as here, there is no general trend of authority, nor any authoritative federal holdings to the contrary, we incline to follow the Kentucky courts upon considerations of comity, and in the furtherance of uniformity. Trainor v. Ætna Casualty Co., 290 U. S. 47, 54 S. Ct. 1, 78 L. Ed. ——; Kuhn v. Fairmont Co., 215 U. S. 349, 30 S. Ct. 140, 54 L.

Ed. 228. Even though the question be one of general law, permitting our independent judgment, there is no such departure from the prevailing trend of judicial opinion on the part of the Kentucky court as was recognized in Black & White Taxicab & Transfer Co. v. Brown & Yellow Taxi Co., 276 U. S. 518, 48 S. Ct. 404, 72 L. Ed. 681, 57 A. L. R. 426, or Commercial Electric Supply Co. v. Greschner, 59 F.(2d) 512 (C. C. A. 6).

 As to Hogg's liability to the plaintiff, a recovery could no doubt have been had in a proper case. Hogg committed the trespass, cut down the standing trees, manufactured the staves, and removed them. The measure of damages, however, would be the value of the timber upon the plaintiff's land, and not the value of the manufactured staves at their delivery point. Whether a different rule of damages would apply had the suit been for the trespass, or been begun by writ of replevin, we have no need to say.

 It is difficult to see the force of the contention that the trespass being willful, a different rule of damages applies. The tort was waived and the suit brought upon an implied contract, and we know of no rule whereby punitive damages may be recovered in such a case. Even if so, there was a finding that the trespass was innocent, and the evidence sustains the finding. The only circumstance upon which to base a finding of willfulness was the fact that Hogg was told not to cut the logs by the plaintiff's agent, but this warning was given before title to the land had been decreed in the plaintiff, and while defendant's grantor was in good faith claiming ownership.

But notwithstanding the right of the plaintiff to recover against Hogg, we fail to see how this could have been adjudged on the present record. There is no evidence whatsoever as to the value of the standing timber, or the cut logs, and even though at this late date amendment to the pleadings were to be permitted, there is nothing in the record upon which judgment under any applicable measure of damages could be based.

Judgment below is affirmed.[1]

---

[1] The late Circuit Judge HICKENLOOPER agreed with the decision, though the opinion was prepared after his death.