## LAINHART v. SHEPHERD.

Court of Appeals of Kentucky.

Feb. 15, 1952.

Kelly Kash, Irvine, for appellant.

Hunter M. Shumate, Irvine, for appellee.

STEWART, Justice.

This is an action to quiet title. The tract of land in dispute is a strip 100 feet wide and 300 feet in length. Plaintiff below, Mabel Shepherd, was successful, and defendant has appealed.

Title to the property of each party descended from a common source, to-wit, Morris Larrison. Both tracts are located on the waters of Twin Creek in Estill County. On August 27, 1929, a division of the lands of Morris Larrison was made among his widow and heirs at law. The heirs at law conveyed on the date above mentioned to Martha Ann Larrison, the widow, a tract of 11⅓ acres and the widow, Martha Ann Larrison, deeded this property to appellee on October 30, 1947. Rosa V. Henderson, an heir at law of Morris Larrison, was conveyed a tract of 59½ acres by the widow and other heirs at law on August 27, 1929, in the division of the decedent's land. Rosa V. Henderson and her husband conveyed this property to appellant, B. L. Lainhart, on July 15, 1946.

When the commissioners partitioned the property of Morris Larrison the tracts conveyed to Martha Ann Larrison and to Rosa V. Henderson had the following calls in a division line between them, to-wit: "N 51 W 300 feet to a stone near the creek; thence down the creek N 21 E 544 feet to a walnut on the branch in the line of Nelson Witt." Appellee in her petition alleged that the actual distance is 644 feet from the stone near the creek to the walnut tree; that the deeds the draftsmen made in the partition of the land on August 27, 1929, erroneously set forth the distance as 544 feet; that the true line is from the walnut tree to the stone; and that these natural objects control the distance in dispute. Furthermore, appellee averred that she and Martha Ann Larrison have been in open, notorious and continuous adverse possession of the land in controversy since 1929.

At the trial, N. J. Tuttle, one of the commissioners who did the actual surveying when the Larrison land was partitioned in 1929, testified that the distance from the walnut tree to the stone is 644 feet instead of "544 feet" and that the true call is N 21 E 644 feet rather than "N 21 E 544 feet" as set forth in the deed. An error was made in this call, he said, by leaving out a measurement or in making addition during the survey. He also stated that the stone near the creek marks the division line between the two tracts, and that it was sunk on the day the survey was made at the point where the commissioners directed it to be placed. Tuttle again resurveyed the calls in dispute in connection with the present litigation. His recent survey confirms the fact that the

stone near the creek is properly placed, that it has never been moved and that the correct calls in appellee's deed should be: "N 51 W 300 feet to a stone near the creek; thence with the creek N 21 E 644 feet to a walnut". It was further proved that the stone at the creek is the only marker at that place and that, since 1929 and until appellant contended otherwise, the stone has been considered by all previous owners as fixing the division line between the property of appellee and that of appellant.

The testimony introduced by appellant does not refute in a substantial manner the facts developed in this case as we have outlined them.

Although appellee strongly contends that her title to the strip in controversy has been established by adverse possession, and we think there is merit in this assertion, we believe that the Chancellor was justified under the evidence in adjudging that the stone on the bank of the creek determines and fixes the division line between the parties hereto. His decision is upheld by this statement of the law from 8 Am.Jur., Boundaries, Sec. 10, p. 751: "Boundary lines may be indicated by courses and distances as well as by monuments, or by both monuments and courses and distances. In the event of an inconsistency between the monuments and the courses and distances described, the general rule is that resort is to be had to the monuments whether natural or artificial, and then to courses and distances, although this rule of relative importance is not an inflexible one."

It seems to us that the cases cited by appellant as to whether calls in a deed for courses and distances prevail over calls for natural or artificial monuments are not inconsistent with the law we have set forth in this opinion. Morris v. Jody, 216 Ky. 593, 288 S.W. 332, 333, relied upon by appellant, is clearly in accord with our view on the issue at stake when it states: "All of the rules of law that have been adopted for guidance in locating disputed boundary lines have been to the end that, in so doing, the steps of the surveyor who originally projected the lines on the ground may be retraced as nearly as possible. No rule that has been adopted to accomplish that end is more firmly established than that courses and distances are controlled by marked corners and fixed monuments."

Wherefore, the judgment is affirmed.