Chester JACKSON et al., Appellants,

v.

Dillard METCALF, Appellee.

Dillard METCALF, Appellant,

v.

Chester JACKSON et al., Appellees.

Court of Appeals of Kentucky.

March 17, 1967.

Rehearings Denied June 22, 1967.

See also, Ky., 404 S.W.2d 793.

G. E. Reams, Harlan, for Chester Jackson et al.

James S. Greene, Jr., Greene & Forester, Harlan, for Dillard Metcalf.

WADDILL, Commissioner.

Chester Jackson and his wife appeal from so much of a judgment as denies them damages against Dillard Metcalf for trespass on a tract of land. The primary question is whether the Jacksons established title to the land on which Metcalf allegedly trespassed.

During 1959 Metcalf sold the commercial timber growing on a tract of land in Harlan County. The Jacksons claimed ownership of this tract and instituted this action to recover damages for the removal of timber by Metcalf's vendee. Metcalf denied that the Jacksons owned the land. The trial judge sitting without a jury found that the Jacksons had not established that this tract was within the boundaries of their deed. His finding was based on the fact that in the patent from which the Jacksons trace their title the southeast boundary is located by a call to the "top of the ridge" which is stated to be 160 poles from a certain point whereas the trial judge found the top of the ridge to be only 114.9 poles from that point. Applying the rule that monuments prevail over distances he changed the call for 160 poles to 114.9 poles and concluded that the Jacksons' predecessors in title had never owned the land from which Metcalf sold timber.

After carefully considering the relevant maps and deeds we observe that the boundaries of this patent will not close unless this particular boundary extends 160 poles rather than 114.9 poles. This is apparent when the calls are read in reverse order. Stated another way, if this boundary is shortened from 160 poles to 114.9 poles the parallel boundary must be reduced the same amount to close the boundaries.

The rule of relative importance that courses and distances yield to monu-

ments is not an inflexible one. Lainhart v. Shepherd, Ky., 246 S.W.2d 460. The primary object in cases such as this is to retrace the surveyor's footsteps. Morris v. Jody, 216 Ky. 593, 288 S.W. 332. In the instant case to accept the monument (top of the ridge) over the distance (160 poles) and to properly close the boundaries necessitates ignoring two distance calls. Moreover accepting the call of 160 poles as the correct distance is in agreement with the contention of one of the Jacksons' predecessors in title that this boundary extended to a "double poplar marked with a blaze." See Creech v. Jackson, Ky., 375 S.W.2d 679. The evidence locates this poplar as being 160 poles from the point fixed in the patent. The finding that the one boundary is 114.9 poles is erroneous as we conclude that the ambiguous call "to the top of the ridge" must be reconciled with the remaining calls in the patent. See 12 Am.Jur.2d, Boundaries, Section 2.

Since we have concluded that the disputed area was conveyed by the patent we must determine whether this area has since been conveyed to the Jacksons. When the tract now owned by the Jacksons was conveyed in 1918, most of the boundaries were designated by reference to adjacent property. Specifically the southeast boundary in this deed runs "with John D. Shell's line to E. T. Creech line" (the line commencing at the aforementioned double poplar). However, the boundaries of the John D. Shell tract do not extend to the E. T. Creech line thus giving rise to the dispute over the ownership of an area between the John D. Shell tract and the E. T. Creech line. If the boundary of the John D. Shell tract is followed to the original southeast boundary of the patent, it is then possible to follow the latter boundary to the E. T. Creech line. Since there was a mistake in the 1918 deed in that a relevant c.ll was obviously omitted we believe the grantor's intention will be fulfilled by assuming that from the John D. Shell line the boundary follows the southeast boundary of the

patent to the E. T. Creech line at the aforementioned double poplar. Crider v. Crum, 233 Ky. 414, 25 S.W.2d 1009; 3 American Law of Property, Section 12.105 at page 413. To hold otherwise would require us to presume that the grantor in the 1918 deed intended to retain a small landlocked tract, a presumption we are not willing to indulge under the circumstances presented. 23 Am.Jur.2d, Deeds, Section 241.

The deed under which the Jacksons claim the disputed area contains a description identical to that in the 1918 deed. Since we construe this deed to include all of the area now in dispute the Jacksons were entitled to recover damages in this action for trespass.

A separate appeal has been perfected by Metcalf under RCA 1.180 and consolidated with the Jacksons' appeal. On his appeal Metcalf seeks a reversal of so much of the judgment as grants the Jacksons $1296.17 damages for Metcalf's trespass on a portion of the disputed tract which the trial judge found the Jacksons owned by adverse possession.

Three contentions for reversal are presented: (1) The Jacksons are not entitled to maintain this action against Metcalf; (2) the 5-year statute of limitations is a bar to the Jacksons' action, and (3) the trial judge relied on an improper measure of damages.

■ With respect to his first contention Metcalf relies on York v. Hogg, 171 Ky. 599, 188 S.W. 663, for the proposition that a vendor is not liable for trespass where the trespass was committed solely by the vendee. However, in the instant action there was evidence that at the time Metcalf sold this timber he went upon the disputed area with the vendee and pointed out the boundaries within which timber should be cut and removed. When the vendor actively encourages the commission of a trespass he may be held liable for it. Allen v. Ferguson, Ky., 253 S.W.2d 8; 34 Am.Jur., Logs and Timber, Section 116.

■ It is next contended this action was barred by the five-year statute of limitations (KRS 413.120(4)) because there was evidence that the cause of action had accrued more than five years before the Jacksons filed their complaint. To the contrary, the testimony of the vendee and Chester Jackson shows that it did accrue within the five-year period. Apparently the trial judge accepted the latter evidence and under the conflicting evidence we will not hold that his ruling on the limitation question is in error.

■ Finally Metcalf contends the trial judge erred in using the value of the manufactured timber less the expense of manufacture as the measure of damages. The judge relied on the rule set forth in D. B. Frampton & Co. v. Saulsberry, Ky., 268 S.W.2d 25. Metcalf and the Jacksons agree this case is controlling but they disagree on how it should be applied in the instant action. In the Saulsberry case, supra, the Saulsberry Company claiming title to a 50-acre-tract sold the timber on it to the Frampton Company. The true owner notified Frampton before it cut the timber that he owned the tract. Later he sought damages from Frampton for its trespass and Frampton by cross-petition sought recovery from the Saulsberry Company under its general warranty deed. This court concluded that since Frampton cut and removed the timber with knowledge of the true owner's adverse claim the proper measure of damages was the market value of the manufactured timber less the reasonable expense of manufacture. It further concluded the measure of damages against the Saulsberry Company under its warranty was the market value of the timber in the trees. The sole argument in the instant case is that Metcalf's position is analogous to that of the Saulsberry Company. There is no merit to this argument. Metcalf was sued, not for breach of warranty, but for trespass. His position is more analogous to that of Frampton. The trial judge did not err in refusing to base damages on the market value of the timber in the trees.

The judgment is affirmed as to the award of $1296.17 and is reversed as to the denial of damages for the removal of timber sold by Metcalf from the remainder of the disputed area. The case is remanded to the circuit court for further proceedings to determine only the further damages that the Jacksons should recover from Dillard Metcalf for the loss of their timber.

All concur.