A02A0125. PAGE et al. v. BRADDY et al.
(564 SE2d 538)

MIKELL, Judge.

Jeff and Margaret Page sued Drexel Braddy for trespass and conversion, claiming that he cut and sold timber growing on their land. Braddy filed a third-party complaint against Timber South Enterprises, Inc. and its principal Ricky Godowns. The third-party defendants failed to file an answer, although Godowns appeared at the bench trial. The trial court found that Braddy was responsible for removing some timber from the Pages' property, but that there was insufficient evidence to assess damages. The Pages appeal, claiming the trial court erred in failing to award them damages for the cut

timber, attorney fees, and survey costs and in incorrectly depicting the property boundary line in its final order. For reasons which follow, we affirm.

The Pages and Braddy are neighboring landowners. The Pages' property is located north of the Braddy property. The northern boundary of the Braddy land is generally coexistent with the course of County Road 54, which runs east to west toward County Highway 165. County Road 54 takes a sharp turn in a northwesterly direction shortly before intersecting the highway, while the property line continues in an east to west direction. The southwestern portion of the Pages' property located south of the county road but north of the Braddy property forms a 1.76-acre triangular area that is central to this dispute. Within this triangular area is a fence line that Braddy mistakenly thought was the property boundary. Braddy had used the land inside the fence openly and without interruption from the time his family purchased the property in 1974.

On June 10, 1997, Braddy contracted to sell timber to Timber South for a guaranteed sales price of $108,000, the amount actually paid, with provisions for additional payments depending upon the amount of timber sold. Godowns, the principal of Timber South, met with Braddy to coordinate the cutting. Braddy told Godowns to cut trees inside the fence line located on what he believed to be his property, but which was actually in the southwestern part of the Pages' land. Godowns took timber from inside the fence, as instructed by Braddy, but he also cut beyond the fence out to the county road. Godowns testified that the wood taken from the Pages' tract of land was sold to Timber South on behalf of Braddy, and credited to Braddy, and that Braddy was paid for it as part of the timber sales contract.

A forester and "timber cruiser" examined the stumpage in the 1.76-acre triangle where the Pages' trees had been cut. He testified that the value of the trees taken from the Pages' land was $2,655.06, an amount confirmed by Godowns as the value of the timber at the time it was cut. The forester did not take into account the fence line within the triangular area when he counted the stumpage, and so he was able to testify only to the value of all the timber taken from the Pages' property, and he could not prorate the total value of the timber taken between the area inside the fence line and the area between the fence line and the county road.

The trial court found that Braddy was responsible for the timber cut on the Pages' property within the fence line because that timber was cut on his instructions, but that Braddy was not a trespasser and did not convert the trees cut on the Pages' property outside the fence line, which were cut by Godowns without the approval or instruction of Braddy. The trial court refused to assess damages because it had

no basis for assigning a value to the timber taken within the fence line. Having found no damages payable by Braddy, the trial court also refused to assess damages against third-party defendant Godowns.

The court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them.[1] "[T]he plain legal error standard of review applies[ ] where the appellate court determines that the issue was of law, not fact."[2] The trier of fact must be able to calculate the amount of the loss from the evidence and "will not be placed in a position where an allowance of the loss is based on guesswork."[3] The corresponding principle is that "the ability to estimate damages to a reasonable certainty is all that is required and mere difficulty in fixing the exact amount will not be an obstacle to the award."[4]

An action for conversion may lie for the cutting and removal of trees.[5] "The tort of conversion involves an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation."[6] "Any distinct act of dominion wrongfully asserted over one's property in denial of his right or inconsistent with it, is a conversion."[7] "It is immaterial that such dominion was exercised in good faith, for [w]hoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference that in doing so he acts in good faith."[8]

As a general rule, a landowner who has sold timber will not be liable for trespasses by the grantee onto an adjacent landowner's property in taking timber not within the terms of the sale.[9] But the seller is not protected from liability if he assisted in taking timber belonging to another landowner, "especially where he points out the exact trees cut; even though the seller, due to a surveyor's mistake, believed himself to be the owner of the land."[10] The trial court cor-

---

[1] *Kimbrell v. Effingham Bd. of Tax Assessors*, 191 Ga. App. 544 (382 SE2d 388) (1989).

[2] *Glover v. Ware*, 236 Ga. App. 40, 45 (3) (510 SE2d 895) (1999).

[3] *Roland v. Byrd*, 163 Ga. App. 408, 410 (294 SE2d 626) (1982).

[4] (Citations and punctuation omitted.) *McCannon v. McCannon*, 231 Ga. App. 601 (1) (499 SE2d 684) (1998).

[5] See *Laslie v. Gragg Lumber Co.*, 184 Ga. 794, 802 (2) (193 SE 763) (1937).

[6] (Citation omitted.) *Parker v. Kennon*, 242 Ga. App. 627, 630 (2) (530 SE2d 527) (2000).

[7] (Citation and punctuation omitted.) *Maryland Cas. Ins. Co. v. Welchel*, 257 Ga. 259, 261 (1) (356 SE2d 877) (1987).

[8] (Citations and punctuation omitted.) Id.

[9] 127 ALR 1018; see *Hutto v. Kremer*, 222 Miss. 374 (76 S2d 204) (1954); *Williams v. Cape Fear Lumber Co.*, 172 N.C. 299 (90 SE 254) (1916); *York v. Hogg*, 171 Ky. 599 (188 SW 663) (1916).

[10] (Citations and punctuation omitted.) *Hutto v. Kremer*, supra, 222 Miss. at 382.

rectly applied both principles. To the extent that Braddy instructed Godowns to take trees within the fence line, but which were actually located on the Pages' property, he assisted in the taking of that timber and shared responsibility for it, and he was liable for the trespass and conversion even though it was an innocent trespass.[11] But the record also supports the trial court's finding that Braddy had no connection with Godowns' decision to cut the trees beyond the fence line up to the county road, and Braddy could not be held responsible for Godowns' actions in this respect.[12] Godowns was not Braddy's agent, and Godowns acted independently and without authority, assistance, or direction from Braddy in taking the additional trees. While evidence showed the total value of the Pages' timber taken by Godowns and sold to Timber South, Braddy was liable only for some indeterminate portion of this amount. "While some portion of the claimed sum may have been properly recoverable . . . such portion is not determinable from the lump sum evidence presented."[13]

Referring us to *CRS Sirrine v. Dravo Corp.*,[14] the Pages argue that, when presented with a loss caused by multiple parties, a plaintiff would be faced with an almost impossible standard if it had to prove which aspects of the overall loss were "specifically and solely the result of the other party's conduct."[15] *CRS Sirrine* is ultimately unhelpful to the Pages. For one thing, in *CRS Sirrine* we affirmed the trial court's assessment of damages against the defendant based on an apportionment of the total damages. Here, the Pages have consistently asked for a recovery equal to the value of *all* the timber removed from their property. For another, the evidence is not sufficient to apportion damages, as it was in *CRS Sirrine*: "Thus, if a plaintiff can show with reasonable certainty the total amount of damages *and the degree to which those damages are attributable to defendant*, that is sufficient to support an award."[16] Here, there was no appropriate way to apportion damages to Braddy.[17]

We note that Braddy was the sole defendant in the Pages' action

---

[11] OCGA § 51-12-50 (2) provides that "where plaintiff recovers for timber cut and carried away, the measure of damage: . . . (2) Where defendant is an unintentional or innocent trespasser or an innocent purchaser from such trespasser, is the value at the time of conversion less the value he or his vender added to the property."

[12] See *York v. Hogg*, supra, 171 Ky. at 604 (where trespass onto plaintiff's land committed by purchaser of defendant's timber, defendant "cannot be held liable in an action of trespass for torts not committed by him").

[13] *Gen. Warranty Corp. Ins. &c. v. Cameron-Hogan, Inc.*, 182 Ga. App. 434, 437 (4) (356 SE2d 83) (1987).

[14] 219 Ga. App. 301, 303 (1) (464 SE2d 897) (1995).

[15] Id.

[16] (Emphasis supplied.) Id.

[17] An apportionment based on acreage would have no logical relationship to damages, especially because some areas were clear-cut and others were not.

for trespass and conversion. Godowns was present only as a third-party defendant. The trial court was not presented with a claim in equity for unjust enrichment. Constrained by the parties, the evidence, and the claims before it, and rather than make a baseless guess as to the value of the timber taken from inside the fence line, the trial court correctly refused to assess damages.

Although the law does presume some damage from the invasion of a property right,[18] the Pages made no request for an award of nominal damages in their complaint or during the trial, and so the trial court did not err in failing to award nominal damages.[19] Nor, in view of the damages award and the record, did the trial court err in failing to award attorney fees or surveyor's costs.

The Pages also claim that the trial court's order incorrectly states the location of the property line between their land and Braddy's land, and that the correct description was contained in the Smith survey. The trial court's description of the property boundary was taken from the testimony of surveyor Larry Jones and his plat. The Jones plat is just a depiction of the dividing line between the Braddy and Page property, but it is similar to the applicable portion of the Smith survey. The Jones plat was admitted after Jones testified that he was comfortable with his survey when he did it. The trial court was entitled to adopt the Jones plat for purposes of its ruling. When the trial court is acting as the trier of fact, "we will not disturb a trial court's findings . . . if there is any evidence to support them."[20]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

·DECIDED APRIL 18, 2002.

*Hall & Kirkland, Joseph M. Hall,* for appellants.
Ricky Godowns, *pro se.*
*Jones, Hilburn & Claxton, Eric L. Jones, Lance G. Jones,* for appellees.

---

[18] See *Williams v. Harris*, 207 Ga. 576, 579 (2) (63 SE2d 386) (1951).
[19] See *Solon Automated Svcs. v. Pines Assoc.*, 156 Ga. App. 893 (328 SE2d 736) (1980).
[20] (Footnote omitted.) *Smith v. Direct Media Corp.*, 247 Ga. App. 771, 772 (544 SE2d 762) (2001).